THE UNITED GLASS COMPANY, Appellant, v. CALVIN P. H. VARY et al., Respondents.

1. MANUFACTURING CORPORATION — CONDITION PRECEDENT TO ACTION AGAINST STOCKHOLDER. Failure to proceed to judgment and execution against a corporation, before bringing an action against a stockholder, as required by section 24 of chapter 40 of the Laws of 1848, cannot be excused except when the performance of the condition is impossible.

2. RESTRAINING ORDER TO EXCUSE PRIOR ACTION AGAINST CORPORATION. An order of the court restraining creditors of a corporation from com-

16

mencing or prosecuting any action against it, made as a mere preliminary and precautionary order in a suit by a stockholder against the corporation for an order appointing a receiver of its property, is not sufficient to excuse a creditor, who has made no effort to procure a modification of the order, from proceeding to judgment and execution against the corporation before bringing an action to enforce the liability of a stockholder.

*United Glass Co.* v. *Vary,* 79 Hun, 108, affirmed.      \

(Argued February 9, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered June 28, 1894, which affirmed a judgment in favor of defendants entered upon a decision of the court dismissing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. J. Cookinham* for appellant.   The court, having the entire property and estate of the refrigerator company under its control and in the hands of its own officer, issued an order restraining any creditor from bringing any action against such company to enforce its liability for debt, and thus excused the plaintiff from recovering judgment and having execution returned unsatisfied. (*Hunting* v. *Blun,* 143 N. Y. 511; *Jones* v. *Blun,* 145 N. Y. 333; *Shellington* v. *Howland,* 53 N. Y. 371; *Flash* v. *Conn,* 109 U. S. 371.)

*Horace McGuire* for respondents.   In order to maintain an action at law to enforce the statutory liability of a stockholder of a corporation under the act of 1848, it is a condition precedent that such creditor shall have reduced his claim to judgment against the corporation and execution thereon have been returned unsatisfied, unless there exists a sufficient reason for not having done so. (*R. M. Nat. Bank* v. *Bliss,* 89 N. Y. 338·; *Kincaid* v. *Dwinelle,* 59 N. Y. 548; *Nat. Bank of A.* v. *Dillingham,* 147 N. Y. 603.)

ANDREWS, Ch. J.   The liability imposed upon stockholders in a manufacturing corporation, organized under chapter 40 of

the Laws of 1848, by section 10 of the act and the amendments thereto, for the debts of the company, is controlled by section 24. By that section it is made a condition precedent to the maintenance of an action to enforce the liability of a stockholder created by section 10, that a suit for the recovery of the debt should have first been brought against the company and " an execution against the company shall have been returned unsatisfied in whole or in part." (*Handy* v. *Draper*, 89 N. Y. 334.) Subsequent to the enactment of the statute cases arose where by reason of the dissolution of the corporation and other obstacle it was impossible for a creditor to comply with the condition that he should first proceed to judgment and execution against the company. The question was thus presented to the courts whether for any reason the condition precedent could be dispensed with. If the statutory obligation assumed by a stockholder when he became such, towards the persons who were or might become creditors of the corporation, is in its nature contractual, then it would seem to be proper to apply to the case the general principle applicable to contracts, that when the performance of a condition precedent is rendered impossible by an intervening act of the law, performance is excused. (*Jones* v. *Judd*, 4 N. Y. 412; *Baker* v. *Johnson*, 42 N. Y. 126.) Whatever may be the nature of the obligation, whether it is regarded as a duty resting upon the stockholders imposed by law, or in the nature of a contract obligation, it is the manifest duty of the court not to permit any dispensation with the express requirement of the statute, upon grounds less imperative than those upon which courts proceed in dealing with conditions precedent in ordinary contracts. The stockholder of a corporation assents to be bound by the statute under which it was organized. The creditor also looks to the general law or the charter under which the corporation is created, to ascertain and define the liability of stockholders. While on the one hand the stockholder should be held to his statutory liability, on the other the creditor has no right to demand that statutory conditions qualifying his liability should

be disregarded or that conditions should be dispensed with, because their observance would be inconvenient or involve trouble or expense, provided they are capable of performance. Both the stockholder and the creditor may be supposed to have understood, and the stockholder to have impliedly assented, that the intervention of a paramount authority, by which the performance of the condition was rendered impossible, would excuse compliance. Nothing short of this ought to avail as an excuse consistently with a proper regard for the statute or the rights of the stockholder. We do not refer, of course, to cases which may be imagined where a stockholder by his conduct has precluded himself from objecting that the condition precedent has not been performed. It is no excuse for not first proceeding to judgment and execution against the corporation that it is in fact insolvent and has no property out of which the debt could be collected. The statute has made the judgment and return of execution unsatisfied the only test of the inability to collect of the corporation. In creditors' bills the same test is exacted before a bill to reach equitable assets can be filed. The admitted insolvency of the debtor is not enough. (*Estes* v. *Wilcox*, 67 N. Y. 264; *Adsit* v. *Butler*, 87 id. 585.)

There are several cases in this court in which the question of dispensation with the condition in the 24th section of the statute of 1848, that judgment and execution shall first go against the corporation, has been considered. It was held in *Hardman* v. *Sage* (124 N. Y. 25) that a dissolution of the corporation by judicial decree during the time in which the creditor might bring his suit dispensed with the condition. There can be no doubt of the soundness of this view. The very entity of the corporation ceases and is extinguished on dissolution. There is no longer any corporation which can be sued. The law has rendered it impossible to take the proceedings contemplated by the statute. In *Shellington* v. *Howland* (53 N. Y. 371) there was a double ground on which a dispensation with the condition was urged. The corpora-

tion had been adjudged bankrupt under proceedings insti-
tuted by the stockholder, who was afterwards sued for the debt
of the corporation, and an order was made upon his petition
restraining the plaintiff from prosecuting his action against
the corporation.   Moreover, the Bankrupt Act (sec. 21)
expressly prohibited any creditor, whose debt was provable in
the proceedings, from prosecuting any action against the bank-
rupt to final judgment until the question of his debtor's dis-
charge should have been determined.   It was held in *Shell-
ington* v. *Howland* that performance of the condition was
excused by reason of the disability imposed by the statute of
the United States.   Judge ALLEN said : " The action was in
fact terminated, and a compliance with the condition prece-
dent imposed by statute rendered impossible by the paramount
law of the United States, put in operation by the defendant."
In *Kincaid* v. *Dwinelle* (59 N. Y. 548) it was held that pro-
ceedings instituted by a creditor of a corporation under the
provisions of the Revised Statutes, in which a receiver had
been appointed, did not effect a dissolution of the corporation,
and that the plea of a stockholder subsequently sued by a
creditor who had proceeded to judgment and execution against
the corporation, that upon the appointment of a receiver he
ceased to be a stockholder, and that more than two years had
elapsed since that time before the commencement of the suit
against him, was not well taken, the court holding that, the
corporation not being dissolved, defendant continued to be a
stockholder, notwithstanding the appointment of the receiver.
The bearing of the decision in *Kincaid* v. *Dwinelle* upon
the present one is in the point decided, that the appoint-
ment of a receiver of a corporation in an action, before
final judgment rendered, is no obstacle to a suit by a
creditor against the corporation to recover judgment on his
claim.   The case of *Hunting* v. *Blun* (143 N. Y. 511) goes
further than any other case in excusing the creditor of a cor-
poration from first proceeding against the corporation, and
procuring judgment and execution, before bringing his action
to enforce the liability of a stockholder.   In that case a seques-

tration action had been brought by a creditor against a corporation under section 1748 of the Code of Civil Procedure, in which a receiver had been appointed *pendente lite* of the property of the corporation, accompanied by a restraining order against suits by creditors. The action went to final judgment of sequestration, whereby the temporary receiver was made receiver under the judgment, and the injunction was made perpetual. A creditor of the corporation subsequently commenced an action against a stockholder to enforce the statutory liability without having obtained judgment against the corporation. There was a question as to the jurisdiction of the court to render the judgment adjudging sequestration, but it was decided in favor of the jurisdiction. The objection that the creditor had not complied with the condition precedent of a judgment and execution against the corporation was overruled, on the ground that the injunction in the final judgment had rendered performance impossible.

In the case now before us, the plaintiff, a creditor of the corporation, entitled to the remedy against stockholders, given by the act of 1848, brings his action against the stockholders without having first procured judgment and issued execution against the corporation. He sets forth in his complaint that an action has been commenced by a stockholder against the company " for an order appointing a receiver " of its property and assets, and for other relief ; that a receiver had been appointed who had taken possession of the corporate property ; that in the action an order of the court had been issued restraining creditors of the corporation from commencing or prosecuting any action against the corporation. The complaint also avers facts tending to show the insolvency of the corporation, and that the judgment debts to be paid out of the assets will leave nothing for other creditors. The complaint expressly avers that no final judgment or decree has been rendered, or any decree dissolving the corporation. The facts above stated are alleged as an excuse for not first proceeding to judgment and execution against the corporation. The nature of the suit brought against the corporation is not set forth, except in the vaguest

terms, and if it may be inferred that the action was brought for a dissolution of the corporation, it does not appear by what right the stockholder can maintain an action for that purpose. It may be conceded that the plaintiff in the present action could not sue the corporation to recover judgment on his debt so long as the restraining order was in force. But no effort, so far as appears, has been made by him to secure a modification of the order, so as to permit him to bring such an action. The order was preliminary and precautionary, subject at any time to the power of the court to modify it and relieve the plaintiff from its prohibition, and it can scarcely be doubted that on the plaintiff's application such a modification would have been made. If such an application had been refused, a different question would have been presented. It is not like the case of *Hunting* v. *Blun*, where the injunction was made perpetual by the final judgment in the action. It was not a vain thing as respects the stockholders sued, that the plaintiff should establish as against the corporation by judgment its liability, although its assets were in the hands of a receiver. If in such an action the plaintiff failed to establish his claim and judgment should go against him, it would end any claim against the stockholders.

We are of opinion that the excuse alleged by the plaintiff is insufficient, it not appearing that he made any effort to procure a modification of the restraining order. It is but a reasonable requirement, in view of the statute, that the creditor should take all reasonable measures to remove an obstacle interposed against his proceeding in the first instance against the corporation. The decisions thus far have dispensed with the condition precedent (1) where the corporation has been dissolved by judicial decree; (2) where by final judgment in an action for sequestration a perpetual injunction has been issued restraining suits by creditors, and (3) where, by statute, such suits are prohibited. In these cases there intervenes an impossibility within the meaning of the law, which excuses the performance of the condition precedent. We think the courts should not extend the exception

beyond its present limits, unless, in possibly a new case, clearly within the principle of the decisions already made.

These views lead to an affirmance of the judgment below.

All concur, except HAIGHT, J., not sitting, and VANN, J., not voting.

Judgment affirmed. _____