(24 Misc. Rep. 429.)

UNITED STATES GLASS CO. v. LEVETT et al.

(Supreme Court, Special Term, New York County. August, 1898.)

AMENDMENT OF PLEADING—SETTING UP NEW CAUSE OF ACTION.

Plaintiff sued the stockholders of a corporation without recovering judgment against it and issuing execution thereon, as required by Laws 1892, c. 688, § 55; alleging as an excuse for his failure to do so the pendency of a proceeding for the dissolution of the corporation, the appointment of a receiver, and the restraint of its creditors from suing. Afterwards a final order of dissolution was entered, and plaintiff moved for leave to file a supplemental complaint setting up the fact. Held, that the motion should be denied, because the supplemental complaint set up a new cause of action, as the original complaint showed none, since, not alleging the making of any effort to obtain a modification of the order appointing a receiver and restraining creditors from suing, plaintiff's failure to proceed to judgment was not excusable.

Action by the United States Glass Company against Alexander Levett and others. Motion for leave to serve supplemental complaint. Denied.

Albert K. Newman, for the motion.
Blumenstiel & Hirsch, opposed.

DALY, J. The action is brought under the stock corporation laws (Laws 1892, c. 688) to enforce the liability of stockholders for a debt of the corporation, the Levett-Hilton Company, on the ground that the stock of the company had not been fully paid in. Section 54. By the same act it is provided that such an action shall not be brought until judgment therefor has been recovered against the corporation,

and an execution thereon has been returned unsatisfied; the amount due on such execution to be the amount recoverable, with costs, against the stockholders. Section 55. No such judgment had been recovered by this plaintiff when this action was brought, but the complaint alleges, as an excuse for not complying with the statute, that a proceeding for the voluntary dissolution of the corporation had been commenced by a majority of its' directors, with the connivance and procurement of the defendants; that an order had been made therein appointing a receiver of the corporation, which was insolvent, and enjoining and restraining all persons, and especially creditors, from bringing any suit against said corporation. Since the commencement of this action a final order of dissolution has been entered in that proceeding, and the plaintiff asks leave to file a supplemental complaint setting up that fact. The defendants oppose the application on the ground that the original complaint fails to set forth a cause of action, and that the fact to be alleged in the supplemental complaint is a new and different cause of action. The objection seems to be well taken. In Glass Co. v. Vary, 152 N. Y. 121, 46 N. E. 312, it was expressly held that obtaining judgment against the company, and the return of execution thereon unsatisfied, is a condition precedent to the maintenance of an action to enforce the liability of a stockholder; that failure to proceed to judgment and execution cannot be excused, unless performance of the condition is impossible, which is not the case where a preliminary order of the court restraining creditors from bringing suits has been made in a suit by a stockholder against the corporation to obtain a receiver, if the creditor has made no effort to obtain a modification of such order in order to permit him to obtain judgment and issue execution. In that case the court says that the decisions have dispensed with the condition precedent (1) where the corporation has been dissolved by judicial decree, (2) where by final judgment in an action for sequestration a perpetual injunction has been issued restraining suits by creditors, and (3) where by statute such suits are prohibited, and that the courts should not extend the exception, unless, possibly, in a new case, clearly within the principle of the decisions already made. It does not appear that the plaintiff has shown such a new case. He distinguishes the preliminary injunction set out in his complaint from that described in the case cited, because the former was obtained in a proceeding for voluntary dissolution procured to be brought by the stockholders he is pursuing, while in the latter case it was obtained in a suit by a creditor against the corporation for a receiver, which suit was of doubtful right. But the principle upon which the decision of the court of appeals is based has no reference to the form of action in which the injunction order issues, but to the quality of the order itself,—that is to say, whether it is preliminary or final; for in the latter case it is an absolute bar to actions by creditors against the corporation, and renders the condition precedent of judgment and execution against the company impossible of performance, while in the former case the court can and always does modify its preliminary injunction so as to permit creditors to proceed as required by the statute. In this case the plaintiff shows nothing by which it can be in-

ferred that he could not have obtained such modification, and so he falls directly within the rule of the authority cited. He relies upon the language of the appellate division in Hirshfeld v. Bopp, 27 App. Div. 180, 50 N. Y. Supp. 676; but in that case the action was brought after the final dissolution of the corporation, and not, as here, before dissolution. The fact proposed to be set up in the supplemental complaint, namely, final dissolution of the corporation, would justify a new action, but cannot help the pending one brought before such dissolution. All of plaintiff's argument upon this motion is in support of a right of recovery upon the cause of action set out in his original complaint, and the supplemental complaint is wholly unnecessary in aid of such cause of action, if any exists.

Motion denied, with $10 costs.