(49 Misc. Rep. 340.)

## GAUSE v. BOLDT et al.

(Supreme Court, Special Term, New York County. February, 1906.)

1. CORPORATIONS—REGULATION—STATUTES.

The general corporation law, the stock corporation law, and the banking law constitute one connected scheme legislation concerning corporations.

2. SAME — LIABILITY OF STOCKHOLDERS — NECESSITY OF JUDGMENT AGAINST CORPORATION.

Under Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, providing that no action shall be brought against a stockholder for a corporate debt until judgment has been obtained against the corporation and execution returned unsatisfied, and Banking Law, Laws 1892, p. 1913, c. 689, § 162, making stockholders personally liable for debts of the corporation, no action can be maintained against a stockholder in a bank on a debt by the bank until judgment has been obtained against it.

3. SAME—FAILURE TO OBTAIN JUDGMENT—EXCUSE.

Under Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, providing that no action can be brought against a stockholder to recover a corporate debt until an unsatisfied judgment has been obtained against the corporation, the fact that the corporation is insolvent and that an action was commenced against it, in which, however, because of numerous demurrers and the crowded condition of the calendars, no judgment was obtained, does not excuse a noncompliance with the statute.

4. SAME—CONSTITUTIONALITY OF STATUTE.

Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, declaring that no action can be maintained against a stockholder on a claim against the corporation until an unsatisfied judgment has been obtained against the corporation, is not in conflict with Const. art. 8, § 7, declaring that the stockholders of every corporation organized for banking purposes shall be individually responsible to the amount of their shares of stock for all the debts of the corporation.

5. SAME—PARTIAL INVALIDITY.

The provision of Stock Corporation Law, Laws 1892, p. 1841, c. 688, § 55, which limits stockholders' liability for the debts of the corporation to debts payable within two years, may, even if unconstitutional, be eliminated without affecting the validity of the rest of the law.

6. PLEADING — COMPLAINT — SUFFFICIENCY — PENDENCY OF ANOTHER ACTION.

Where, in an action against a stockholder of a corporation to recover a corporate debt, the plaintiff included in his complaint the complaint in a former action against the corporation, both of which complaints stated the same cause of action, the complaint in the action against the stockholder was demurrable because showing that another action was pending.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, § 123.]

Action by Harry T. Gause, suing for himself and other creditors of the Commonwealth Trust Company, against George C. Boldt and others. Demurrers to the complaint sustained.

Taylor & Anderson (Howard Taylor, of counsel), for plaintiff.

Butler, Notman & Mynderse (William H. Fain, of counsel), for defendant Mynderse.

Wing, Russell & Waterson, for defendant Robertson.

Francis S. Hutchins (Charles Edward Souther, of counsel), for defendant Commonwealth Trust Co. of NewYork.

Allen & Sabine (Yorke Allen, of counsel), for defendant Hagemeyer.

Frederick W. Garvin, for defendants Boldt, Fish, Weinberg, Knox, and Manning.

McElheny & Bennett, for defendants Hallowell, Henry, and Albert.

LEVENTRITT, J.   The plaintiff seeks in this action both to establish his claim as a creditor against the Commonwealth Trust Company and to enforce the statutory liability of its stockholders.   A number of the defendant stockholders have demurred to the complaint upon the ground, among others, that it does not state a cause of action, in that it fails to allege the recovery of a judgment against the trust company and the return unsatisfied of an execution thereon, prerequisites to the right to maintain an action against them as stockholders.   They invoke section 55 of the stock corporation law (Laws 1892, p. 1841, c. 688), which, so far as applicable, reads as follows:

"No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied, in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs, against the stockholder."

There has been no judgment against the trust company, and, of course, no execution.   Nevertheless the plaintiff contends that the action is maintainable for the reason that the section quoted is inapplicable, either to trust companies or to this action, by reason of its exceptional features, and unconstitutional because it circumscribes the broader liability imposed upon stockholders by section 162 of the banking law (Laws 1892, p. 1913, c. 689) and section 7 of article 8 of the Constitution.   Both statute and precedent are opposed to his position.

As defined in section 2 of the general corporation law (Laws 1892, p. 1801, c. 687), a stock corporation includes "a moneyed corporation," and section 3, subd. 4, defines a moneyed corporation as one "formed under or subject to the banking or the insurance law."   Section 162 of the banking law, relating to trust companies, provides:

"If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation."

Section 55 of the stock corporation law (Laws 1892, p. 1841, c. 688) prescribes the conditions under which this responsibility shall be enforced.

That it was the intention to provide one consistent scheme of legisla-
tion is manifest. This is emphasized by section 33 of the general
corporation law (Laws 1896, p. 1813, c. 687), which provides in part:

"If in any such [corporate] law there is or shall be a provision relating to
a matter embraced in this chapter or in the stock corporation law, but not in
conflict with it, such provision in such other law shall be deemed to be in
addition to the provision in this chapter or in the stock corporation law re-
lating to the same subject-matter, and both provisions shall, in such case,
be applicable."

The Court of Appeals, having under consideration section 55 of the
stock corporation law, declared that:

"The whole scheme of legislation relating to corporations contained in the
three acts, the general corporation law, the stock corporation law, and the
banking law, all passed on the same day, show that many of the general pro-
visions in the stock corporation law are applicable to banking as well as to
other corporations. * * * The language of the section is general. * * *
The section is dealing with stock corporations, in which a banking corporation
is included, and the limitations apply to the stockholders in such a corpora-
tion." Hirshfeld v. Bopp, 145 N. Y. 84, 93, 39 N. E. 817.

The fact that this section is not expressly referred to in section 162 of
the banking law has no significance in the light of section 33 of the
general corporation law. Section 162 fixes the liability of stock-
holders, and section 55 prescribes limitations under which it shall be
enforced. There is no conflict between them. Therefore both are ap-
plicable. It was not intended to impose by section 162 a primary and
absolute liability upon the stockholders of trust companies, or to make
them the single exception to the provisions of section 55 of the stock
corporation law and to the rule that the liability of stockholders ·is
always secondary and contingent. National Bank v. Dillingham, 147
N. Y. 603, 611, 42 N. E. 338, 49 Am. St. Rep. 692. The intention to
cast primary liability on any class of stockholders would have been such
a departure from the pronounced policy of all prior legislation and all
judicial precedent that it would have been expressed in positive lan-
guage and not left to vague inference.

The statute being applicable to the stockholders of trust companies,
as the plaintiff does not and cannot plead judgment recovered and ex-
ecution returned, he must justify his omission by facts which bring him
within the exceptions which the courts have interpolated into the stat-
'ute. He alleges that he did commence an action against the trust com-
pany, looking to the recovery of a judgment on his claim, but that,
by reason of successive demurrers interposed to his original and amend-
ed complaint and of the congested condition of the trial calendars, he
has been unable to obtain such judgment, although he has pressed
his case with the utmost speed. As a further excuse he asserts the in-
solvency of the corporation. These excuses are insufficient.

The statute requires the recovery of a judgment against the corpo-
ration, and the issuance and return, unsatisfied, of an execution, before
the creditor may proceed against the stockholders. Unless impossible,
proceedings against the corporation are imperative. Only the inter-
vention of a paramount authority, rendering the performance of the
conditions precedent legally impossible, will excuse compliance. United

Glass Co. v. Vary, 152 N. Y. 121, 46 N. E. 312. In that case it was said:

"The decisions thus far have dispensed with the condition precedent (1) where the corporation has been dissolved by judicial decree; (2) where by final judgment in an action for sequestration a perpetual injunction has been issued restraining suits by creditors; and (3) where, by statute, such suits are prohibited. In these cases there intervenes an impossibility within the meaning of the law, which excuses performance of the condition precedent. We think the courts should not extend the exception beyond its present limits, unless, in possibly a new case, clearly within the principle of the decisions already made."

Again, that:

"While, on the one hand, the stockholder should be held to his statutory liability, on the other, the creditor has no right to demand that statutory conditions qualifying his liability should be disregarded or that conditions should be dispensed with, because their observance would be inconvenient or involve trouble or expense, provided they are capable of performance."

In other words, it is only where, by operation of law, the recovery of a judgment is impossible that compliance may be dispensed with. The Commonwealth Trust Company has not been dissolved. No action for sequestration has been instituted or injunction issued restraining creditors, nor is the cause of action prohibited by statute. Consequently, it is possible for the plaintiff to recover a judgment and issue execution against the trust company. In fact, he admits that an action is now pending against that corporation, with no obstacle in the way of proceeding to judgment except the delay attendant upon the interposition of demurrers to his complaint and the congested condition of the trial calendars. In a word, he is not prevented, but delayed. The allegation of insolvency does not avail him. The statute has made the judgment and return of execution unsatisfied the only test of the inability to collect of the corporation. United Glass Co. v. Vary, supra.

This brings us to the consideration of the constitutionality of section 55 of the stock corporation law. The present Constitution was adopted two years after the enactment of the corporation laws. Article 8, § 7, provides:

"The stockholders of every corporation and joint stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

The effect of this provision was to preserve and perpetuate the liability of stockholders against possible subsequent legislation. The prior legislation, in so far, at least, as it contemplates the performance of conditions precedent, survives, because it is not in conflict with the constitutional provision. It merely treats the corporation as the primary debtor and the liability of the stockholder as ultimate and subsidiary. It treats the corporate treasury as the primary resource, and compels the creditor to exhaust this resource before proceeding against the stockholder. The ultimate liability of the stockholder is unaffected. The creditor will enjoy the same protection accorded by the Constitution after he has complied with the statute. Merely because the statute prevents the present enjoyment of that protection does not make it unconstitutional. There may be some doubt as to the constitu-

tionality of that part of the section which seeks to limit stockholders' liability to the debts of the corporation payable "within two years," etc. That provision is not applicable, however, to the facts of this case, and, if void, may be eliminated without affecting the valid provisions of the section. The rule is that if, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. People ex rel. Augerstein v. Kenney, 96 N. Y. 294, 303. Constitutional and unconstitutional provisions may be expressed in the same section, or even in the same sentence, and yet be distinct and separable, so that the former may stand though the latter fall. Suth. Stat. Const. § 296. The section under consideration is composed of separable parts, and, after eliminating the provision which may be void, a tangible, constitutional part remains, capable by its terms of being carried into effect consistent with the intent of the Legislature which enacted the statute.

The remaining grounds upon which the stockholders challenge the complaint are so closely involved with the one discussed that it is unnecessary to treat them separately.

The defendant trust company assigns the pendency of another action between the same parties for the same cause as a ground of demurrer. In the plaintiff's present complaint is incorporated his complaint in the prior action. Both state the same cause of action against the trust company, the only difference being that in the one the plaintiff makes the trust company the sole defendant, and in the other he unites the stockholders. The trust company is not to be subjected to this double litigation.

The demurrers interposed are well taken, must be sustained, with costs.

Demurrer sustained, with costs.