FIRESTONE TIRE AND RUBBER COMPANY, on Behalf of Itself and Other Creditors, Appellant, *v.* GEORGE B. AGNEW et al., Respondents.

Stockholders — liability for debts of corporation — Stock Corporation Law, sections 54 and 55 — effect of discharge of corporation in bankruptcy.

When the performance of a condition becomes impossible by the operation and effect of a statute, that is, becomes illegal, the performance is excused and the rights of the parties will be preserved. The courts will not require that useless and unwarranted action be taken.

Any judgment resting on a debt covered by a discharge in bankruptcy must be canceled by the court in which it was rendered, upon application made pursuant to section 1268 of the Code of Civil Procedure.

In an action brought under section 54 of the Stock Corporation Law (L. 1892, ch. 688; L. 1901, ch. 354) to recover against stockholders for debts of a corporation to an amount equal to the amount unpaid on their stock it appeared that the claim was proved against the corporation in bankruptcy proceedings and plaintiff received a dividend thereon. *Held*, that the stockholders are protected by lawful proceedings in a court of paramount jurisdiction in the premises as fully as they could have been by full compliance with our state law and that the failure to obtain a judgment and return of execution unsatisfied, as required by section 55 of the Stock Corporation Law, is excused by the discharge of the corporation in bankruptcy.

*Firestone Tire & Rubber Co.* v. *Agnew*, 128 App. Div. 518, reversed.

(Argued January 6, 1909; decided January 26, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1908, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The following question was certified : " Does the complaint state facts sufficient to constitute a cause of action against the defendants ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*William M. Bennett* for appellant.   The composition in bankruptcy extinguished the debt and, therefore, made it impossible for the plaintiff to obtain judgment, and under the cases this is a sufficient excuse for not doing so.   (*U. G. Co.* v. *Vary*, 152 N. Y. 121; *A. B. & C. Co.* v. *N. L. C. Co.*, 53 N. Y. 123 ; *Wood & Selick* v. *Vanderveer*, 55 App. Div. 549 ; *Mandell & Co.* v. *Levy*, 47 Misc. Rep. 147 ; *Train* v. *M. P. Co.*, 180 Mass. 513.)   The bankruptcy statute expressly preserves the liability of the stockholders.   (*Wood & Selick* v. *Vanderveer*, 55 App. Div. 549.)

*Franklin Pierce* and *Philip S. Hill* for respondents.   Section 4, subdivision b, of chapter 3 of the Bankrupt Act of 1898, as amended by Congress February 5, 1903, was passed for the express purpose of destroying the effect of a discharge in bankruptcy when interposed as a defense to an action brought against a principal debtor so that judgment may be obtained and execution issue and be returned unsatisfied, and thus compliance made with the requirements of section 55 of the Stock Corporation Law.   (Collier on Bankruptcy [6th ed.], 72 ; Loveland on Bankruptcy [3d ed.], 853 ; *People* v. *U. Ins. Co.*, 15 Johns. 357 ; *People ex rel. Huntington* v. *Creman*, 141 N. Y. 244 ; *People ex rel. S. Bank* v. *Butler*, 147 N. Y. 164 ; *People ex rel. Bagley* v. *Hamilton*, 25 App. Div. 430; *Hill* v. *Harding*, 130 U. S. 699 ; Brant on Suretyship, § 150 ; Lowell on Bankruptcy, § 458 ; Robson on Bankruptcy, 755,

note e ; *Phillips* v. *Solomon*, 42 Ga. 192 ; *Guild* v. *Butler*, 122 Mass. 498 ; *Hill* v. *Harding*, 130 U. S. 699 ; *Nat. Bank* v. *Sawyer*, 6 Am. Bank. Rep. 154 ; *Terry* v. *Johnston*, 12 Am. Bank. Rep. 17.)   Inasmuch as the effect of the discharge can only be determined in some legal proceeding, the appellant should have pressed his suit against the corporation until there was an interposition of the discharge in bankruptcy. (*Matter of Marshall Paper Co.*, 102 Fed. Rep. 872 ; 2 Remington on Bankruptcy [1908], § 2663, note 2 ; *Matter of White*, 10 Am. Bank. Rep. 794 ; *Matter of McCarty*, 111 Fed. Rep. 151 ; *Matter of Rhutassel*, 96 Fed. Rep. 597 ; *Brown* v. *Barker*, 68 App. Div. 592 ; *United Glass Co.* v. *Vary*, 152 N. Y. 121 ; *B. Nat. Bank* v. *Mosher*, 14 Hun, 605 ; *F. Nat. Bank* v. *Franklin*, 120 U. S. 747.)

Vann, J.   By this action the plaintiff, in behalf of itself and the other creditors of a bankrupt corporation known as the Vehicle Equipment Company, sought to recover from the defendants, as stockholders thereof, pursuant to the provisions of section fifty-four of the Stock Corporation Law, the balance unpaid on their stock subscriptions to the extent necessary to satisfy the unpaid indebtedness of said corporation.

Section fifty-four provides, among other things, that " Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him." (L. 1892, ch. 688 ; L. 1901, ch. 354, § 54.)

The question raised by the demurrer interposed to the complaint involves the failure of the plaintiff to allege that it had exhausted its remedy against the corporation, as required by section fifty-five of said act, which is as follows : " No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs

against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due ; and no action shall be brought against a stockholder after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder." (L. 1892, ch. 688, § 55.)

The excuse for non-compliance with this section as set forth in the complaint is, in substance, that within two years after the debt of the plaintiff was contracted and became due, the Vehicle Equipment Company was adjudged a bankrupt upon the petition of some of its creditors, not including the plaintiff, and effected a composition with all its creditors pursuant to the provisions of the Bankruptcy Law, under the direction of the Federal court having jurisdiction in the premises which confirmed the composition, distributed the assets of the company and discharged it from its debts. (Bankruptcy Law of 1898 [30 U. S. Stat. at Large, 544], §§ 12 and 14.) The plaintiff proved its debt in the usual way and it was allowed by the bankruptcy court at the sum of $19,653.69. All the property of the bankrupt when converted into money was not enough to pay the dividend of about eight per cent required by the terms of the composition and the balance came from outside sources. The plaintiff applied the proceeds of its part of the dividend upon its claim and now seeks to recover the remainder from the defendant stockholders. The debt was provable under the Bankruptcy Act and the bankrupt by its discharge was released from liability therefor. (Id. § 1, subd. 12.) The bankruptcy of a corporation does not release its stockholders " from any liability under the laws of a state or territory of the United States." (Id. § 4, subd. b, am'd 32 U. S. Stat. at Large, 797, § 3.)

We think that the complaint sets forth a sufficient excuse for the failure to comply with section fifty-five of the Stock Corporation Law. The object of that section is to protect

stockholders from an action by the creditors of the corporation to recover the balance unpaid upon their claims, until they have been liquidated by judgment and so much thereof collected from the corporation as can be realized by execution. These purposes were effected by the proceedings in bankruptcy, but not in the manner provided by our statute. The stockholders, however, had the benefit of the substance, although the form was wanting. The claim of the plaintiff was established by the decree of the Federal court in bankruptcy and is no longer open to contest. Moreover, all the property of the bankrupt was converted into money and applied upon the claims of the creditors. Thus the stockholders are protected by lawful proceedings in a court of paramount jurisdiction in the premises as fully as they could have been by full compliance with our state law.

In protecting stockholders from what might prove an unnecessary inconvenience, the legislature did not intend to release them from the liability imposed by the same act which affords the protection, provided the requirements cannot be complied with owing to the intervention of paramount power. When the recovery of judgment and return of execution unsatisfied are rendered impossible by a law of the United States and the action of its courts thereunder, compliance with those requirements does not come within the meaning of the statute. As was said by Judge ALLEN in *Shellington* v. *Howland* (53 N. Y. 371, 374): "When the performance of a condition becomes impossible by the operation and effect of a statute, that is, becomes illegal, the performance is excused, and the rights of the parties will be preserved." Accordingly the court held that compliance with the requirements now under consideration was excused by the action of a bankruptcy court which would have rendered such compliance illegal. So it was decided in a later case that lawful dissolution of the corporation dispensed with the condition, because performance thereof was impossible. (*Hardman* v. *Sage,* 124 N. Y. 25, 33.)

In *United Glass Co.* v. *Vary* (152 N. Y. 121, 127) Chief

Judge ANDREWS, after a careful review of the authorities, declared that " The decisions thus far have dispensed with the condition precedent (1) where the corporation has been dissolved by judicial decree; (2) where by final judgment in an action for sequestration a perpetual injunction has been issued restraining suits by creditors, and (3) where, by statute, such suits are prohibited. In these cases there intervenes an impossibility within the meaning of the law, which excuses the performance of the condition precedent. We think the courts should not extend the exception beyond its present limits, unless, in possibly a new case, clearly within the principle of the decisions already made."

The case before us comes within the principle of these decisions, because owing to the discharge of the bankrupt it is no longer liable for any debt contracted before the petition in bankruptcy was filed. A corporation may now be discharged from payment of its debts, although this was not permitted by the bankruptcy act of 1867. Whether a discharge effects an extinguishment or merely a release, the result is the same so far as the question under consideration is concerned, because a debt that is released has no practical existence and is but a moral obligation at the most. While it may support a promise, it cannot support an action. When the debt is gone, the right to recover judgment thereon is gone. Any judgment resting on a debt covered by the discharge must be canceled by the court in which it was rendered upon application made pursuant to section 1268 of the Code of Civil Procedure.

Even if by default of the bankrupt the action which had been commenced against it could have been prosecuted to judgment, still no execution could have been lawfully issued thereon and returned unsatisfied, because it had been discharged from the debt and all its property acquired before its discharge had been exhausted in the composition proceedings, and all acquired after its discharge belonged to it the same as if it was a new creation of law and could not be seized by the sheriff to satisfy any of its old debts. If any property had

been left after payment of the amount required to effect the composition, it would have belonged to the corporation the same as after-acquired assets, and would have been immune from the execution.   As a discharge in bankruptcy excuses the creditor from commencing the primary action, so it excuses him from continuing it, because there is no foundation left for it.   Moreover, if the sheriff found the bankrupt in possession of property, and attempted to take it, his action would at once be restrained upon application to the proper court.   He could not, therefore, lawfully satisfy the execution, even if he found property, nor could he conscientiously return it unsatisfied.   The recovery of judgment without issuing execution would be but partial compliance, and there is no use in going half way upon a journey when one knows he cannot finish it.

The legislature did not intend, and the courts will not require, that useless and unwarranted action be taken, nor will speculation be indulged in as to what might have been done by default when there was no right to do it owing to the absolute release of the debt.

We think that the discharge in bankruptcy of a corporation is a sufficient excuse for non-compliance with section fifty-five of the Stock Corporation Law.  The order and interlocutory judgment should, therefore, be reversed, with costs in all courts, with leave to the defendants to withdraw demurrer and answer within twenty days, on payment of the costs, and the question certified should be answered in the affirmative.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.