NETLEY OFFICES, INC., Respondent, v. BURGUNDY REALTY CORPORATION and Another, Appellants.

First Department, June 20, 1933.

*Aaron Zanger* of counsel [*George Robinson*, attorney], for the appellants.

*Abraham B. Hertz* of counsel [*Livingston & Livingston*, attorneys], for the respondent.

MERRELL, J. The allegations of the second cause of action set forth in the complaint were as follows: That both the plaintiff and the defendant are domestic corporations, duly organized and existing under and by virtue of the laws of the. State of New York; that the corporate defendant was organized for and on behalf of the individual defendant, and was a fictitious entity; that in truth and in fact the owner and holder of a certain agreement of lease covering premises on the northwesterly corner of Forty-first street and Sixth avenue, in the borough of Manhattan, New York city, nominally entered into between the plaintiff corporation and the defendant corporation, was the defendant Walter W. Ahlschlager, and that said agreement was entered into by the defendant corporation in its corporate name as and for the convenience of the individual defendant Ahlschlager. Plaintiff further alleges that the defendant corporation was the legal title holder of the property of the said individual defendant, and that said corporation was organized for and on behalf of the said individual defendant for the purpose of defrauding plaintiff. Plaintiff further alleges that the moneys and income of the corporate defendant were taken and used by the individual defendant, and that said individual defendant mingled the funds of the corporate defendant with his own funds and used the same as his own; that the assets of the defendant corporation, if any, were operated and managed as the property of the individual defendant, and that the individual defendant represented and warranted to plaintiff that he was the real owner of the corporation and of the corporate assets, and that his personal and private property was behind the corporate defendant herein, and his individual assets and those of the corporate defendant, if any, were one and the same. Plaintiff further alleges in said second cause of action that in truth and in fact the personal and private property of the

individual defendant was not behind the corporate defendant, but were kept separate and distinct from the assets of the said corporate defendant. Plaintiff then alleges in said cause of action that relying upon said representations and warranties plaintiff entered into the agreement of lease hereinbefore mentioned; that the moneys, amounting to $15,000, which plaintiff alleges it paid to the corporate defendant upon the execution of said agreement of lease, were received by said defendant for and on behalf of the individual defendant Ahlschlager as and for his accommodation and convenience, and that said moneys were paid over by the corporate defendant to the individual defendant and were mingled by the individual defendant with his own funds and used by him as his own moneys. Plaintiff further alleges that the individual defendant fraudulently transferred to himself all the assets of the corporate defendant and used the same for his own uses and benefit, rendering the corporate defendant insolvent. Plaintiff, in said second cause of action, alleges that the individual defendant fraudulently caused the corporate defendant to be organized for the purpose of entering into the aforesaid agreement with plaintiff herein, and that the representations and warranties of the individual defendant as therein set forth were false and fraudulent and were made for the purpose of inducing the plaintiff to enter into the agreement aforesaid, and were known by the individual defendant to be false and fraudulent. Plaintiff alleges due demand upon the individual defendant for the return of the $15,000 paid upon the execution of the agreement of lease, and the refusal on the part of said defendant to repay the same, and that said sum is now due and owing from the defendants to the plaintiff. Upon such allegations the plaintiff demands judgment that it be decreed that the corporate defendant herein is a fictitious entity and has been used by the individual defendant as an instrument of fraud, and that it be adjudged and decreed that the agreement referred to was, in truth and in fact, entered into by and between the plaintiff and the individual defendant Walter W. Ahlschlager, and that it be adjudged and decreed that the corporate defendant was the mere title holder of the property of the individual defendant, and that the same was so held for fraudulent purposes. Plaintiff asks for a reformation of the agreement referred to in the complaint so as to be deemed to be between plaintiff and the individual defendant herein, and that the plaintiff recover judgment against the defendants, and each of them, for the sum of $15,000, besides interest and the costs of the action, and that the individual defendant be required to account and pay over to the plaintiff the said moneys.

We are of the opinion that the allegations contained in plaintiff's second cause of action are insufficient to show any payment by the plaintiff to the corporate defendant, and that no facts are alleged showing how and under what circumstances the corporate defendant is in any way obligated to repay any sum to the plaintiff, or is in any way indebted to plaintiff, and, therefore, the complaint, in respect thereto, states no cause of action against either defendant. In said second cause of action set forth in the complaint herein there is no allegation that the plaintiff paid the corporation anything. In said second cause of action the terms of the contract between the plaintiff and the defendant corporation are not set forth, nor the circumstances under which said corporation was obliged to repay any sum to the plaintiff. As to what the plaintiff's obligations to the defendant corporation were, the complaint is silent. The complaint is made up of a mass of conclusions of law and immaterial allegations which are insufficient, in our opinion, to state any cause of action against either defendant. While plaintiff sees fit to use the words " fraudulent " and " fraudulently " in said cause of action, and while it alleges that the corporate defendant was a fictitious entity organized in Ahlschlager's behalf, those allegations are of conclusions of law and not of facts. As to the allegation that the defendant corporation was a fictitious entity, the Court of Appeals recently held, in *Brooklyn Savings Bank* v. *Wechsler Estate* (259 N. Y. 9) that a corporation is always a fiction. Chief Judge POUND, in that case, quotes from the opinion of Mr. Justice HOLMES in *Klein* v. *Board of Supervisors* (282 U. S. 19, at p. 24) as follows: " It leads nowhere to call a corporation a fiction. If it is a fiction it is a fiction created by law with intent that it should be acted on as if true. The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members."

The allegation contained in the second cause of action, that said contract was entered into by the corporate defendant for the convenience of the individual defendant, is quite immaterial. Every corporation is organized as a matter of convenience, usually for more than one individual. The allegations contained in the second cause of action set forth in the complaint, that the individual defendant organized the corporate defendant to defraud the plaintiff and " fraudulently transferred to himself " its assets, " fraudulently " organized the corporate defendant for the purpose of entering into the agreement with the plaintiff, and fraudulently induced plaintiff to enter into that agreement, are merely conclusions of law and are not statements of any facts. As was stated by this court in *Almirall & Co., Inc.,* v. *McClement* (207 App. Div. 320): " A survey of the

allegations seeking to establish fraud discloses a flood of conclusions and a corresponding dearth of facts. Characterizing an act as ' illegal ' or ' fraudulent,' or an agreement as a ' conspiracy ' does not alter their legal effect. Such allegations are mere conclusions. (*Carns* v. *Bassick*, 187 App. Div. 280; *Kent* v. *Lake Superior Canal Co.*, 144 U. S. 75, 91.) " The allegations contained in the second cause of action here under consideration, stripped of conclusions of law, are meaningless. The plaintiff has failed to set forth any facts sufficient to constitute a cause of action against either defendant.

In said cause of action there is no allegation showing misrepresentation by either of the defendants of any material fact, or that the plaintiff relied thereon.

The plaintiff cannot recover against the individual defendant unless it first obtains judgment against the corporate defendant. In the first cause of action set forth in the complaint plaintiff seeks to recover the sum of $15,000 from the corporate defendant. As yet no judgment has ever been obtained against the corporate defendant, and, consequently, no action lies against the individual defendant. In *Almirall & Co., Inc.*, v. *McClement* (*supra*) this court, in discussing the case of *Quaid* v. *Ratkowsky* (183 App. Div. 428), said: " In that case plaintiffs were *judgment creditors* of the corporation, all of the stock of which was held by the defendant." Manifestly, until a judgment is obtained against the corporate defendant and until an execution of such judgment is issued, it cannot be said that the corporate defendant will fail to satisfy such judgment.

One branch of relief which plaintiff asks in the action is that it be adjudged and decreed that the corporate defendant was a mere title holder of the property of the individual defendant, and that the same was so held for fraudulent purposes, and that it be adjudged and decreed that the lease referred to in the complaint be reformed so that the same be deemed between the plaintiff and the individual defendant herein. We can see no basis for a decree reforming said contract. Plaintiff concedes that it entered into the contract with the corporate defendant and intended to do so. Whether it was induced to enter into such contract by fraud is immaterial. For such relief plaintiff may have a remedy in a different form of action. There is no suggestion that the plaintiff or the defendants meant to deal in any way other than to make a contract between the corporate plaintiff and the corporate defendant. To permit reformation of said contract would be tantamount to creating a new contract which concededly neither of the parties intended to make in the first instance. In *Metzger* v. *Ætna Insurance Co.* (227 N. Y. 411) it was said (at p. 417): " While in equity a rescission of a

contract may be adjudged on the ground of a unilateral mistake in its contents, in order that a reformation may be adjudged, there must be mutual mistake or inadvertence, or the excusable mistake of one party and fraud of the other. There must have been a meeting of the minds of the contracting parties concerning the agreement or agreements, which the court is asked to declare existent." In order to reform a contract a mistake must be mutual and common to both parties to the instrument, and it must appear that both have done what neither intended. A mistake by one party may justify a rescission of the contract, but not its reformation. If the minds of the parties did not meet, then there was no contract, and, therefore, none to be reformed. (*Salomon* v. *North British & Mercantile Insurance Co.*, 215 N. Y. 214, 218.) In the same case the Court of Appeals stated further (at p. 219): " The courts cannot compel the defendant or any party to enter into or be bound by a contract which it never made." Manifestly, in the case at bar the plaintiff intended to contract with the corporate defendant. There certainly was no intention on the part of the individual defendant to enter into any personal contract with the plaintiff. There was never any meeting of the minds or any contract between the plaintiff and the individual defendant Ahlschlager. We conclude, therefore, that the plaintiff, in its second cause of action in the complaint herein, failed to state facts sufficient to constitute a cause of action against either defendant.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the defendants' motion to dismiss the second cause of action should be granted, with ten dollars costs to defendants, appellants, against plaintiff, respondent.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.