**ESKIMO PIE CORPORATION, Plaintiff,**

v.

**WHITELAWN DAIRIES, INC., Supermarket Advisory Sales, Inc., Allstate Dairies, Inc., Jack Nelson and Henry Landau, Defendants.**

**No. 64 Civ. 3702.**

United States District Court
S. D. New York.
Jan. 20, 1967.

Lovejoy, Wasson, Huppuch & Lundgren, New York City, for plaintiff, Walter C. Lundgren, Edwin E. McAmis, New York City, of counsel.

Jaffin, Schneider, Kimmel & Galpeer, New York City, for defendants, Martin L. Conrad, Herbert L. Finkelstein, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendants Allstate Dairies, Inc. (Allstate), Jack Nelson (Nelson), and Henry Landau (Landau) move pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss the ninth cause of action of plaintiff's amended complaint for failure to state a claim upon which relief can be granted; or in the alternative, for judgment on the pleadings pursuant to Rule 12(c), F.R. Civ.P.; or in the alternative, for summary judgment pursuant to Rule 56, F.R.Civ.P. Since affidavits and other matters outside the pleadings have been presented to the court on this motion, it will be treated as one for summary judgment.

Plaintiff sues for goods sold and delivered to, and for breach of contract by, defendants Whitelawn Dairies, Inc. (Whitelawn) and Supermarket Advisory Sales, Inc. (Supermarket). In the ninth cause of action plaintiff alleges that Whitelawn and Supermarket are wholly-owned subsidiaries of Allstate which is completely controlled by Nelson and Landau "through stock ownership and as officers and directors" (¶s 39, 41). Plaintiff further alleges that "neither Whitelawn nor Supermarket [has] a separate mind, will or existence of its own," but are "mere instrumentalit[ies] to carry out the policies and to conduct the business of" Allstate, Nelson, and Landau (¶42); that all defendants constitute a "single economic entity" (¶43); that defendants Nelson and Landau have manipulated the finances of Whitelawn and Supermarket to defraud the public and obligees of the corporations in various ways, including improperly allocating costs, failing to keep separate records, commingling assets, "causing said corporations to be organized and maintained with inadequate capital when considered in light of the nature and extent of their business," having Whitelawn guarantee personal obligations of Nelson and Landau, inflating the value of Whitelawn's assets, and using Whitelawn to pay the debts of another corporation (¶46); and that such actions have rendered Whitelawn and Supermarket judgment proof (¶47). On these allegations plaintiff seeks to hold Allstate, Nelson, and Landau liable for wrongs allegedly committed in the names of Whitelawn and Supermarket.[1]

The moving defendants, by affidavits made on personal knowledge of the affiants, deny that Whitelawn and Supermarket were inadequately capitalized or that their finances were manipulated, their assets commingled, or their values inflated, and state that Allstate, Supermarket, and Whitelawn maintain independent sets of books and records, maintain separate bank accounts, prepare separate financial statements, file separate State and Federal tax returns, and

---

1. Plaintiff filed its Partial Amended Complaint, containing its amended ninth cause of action, because the ninth cause of action in its original complaint was dismissed by order dated May 13, 1966, the Court stating in its opinion of May 5, 1966 that:

"* * * the ninth cause of action contains only general and conclusory allegations of control and inadequate capitalization. Such allegations do not warrant a departure from the general rule that plaintiff should first obtain an unsatisfied judgment against Whitelawn and Supermarket before proceeding against Allstate, Nelson, and Landau."

The order gave plaintiff twenty days to amend "if it can allege a cause of action against Allstate, Nelson and Landau meeting the requirements of New York law and Rule 9(b) of the Federal Rules of Civil Procedure."

**82**

periodically allocate expenses among themselves, and that since entering the contracts which are the subject of this suit, Whitelawn's net worth has increased from approximately $600,000 to approximately $720,000 and that Supermarket's net worth has increased from approximately $30,000 to approximately $60,000.

Jurisdiction is based on diversity of citizenship and the parties concede that New York law applies in determining whether plaintiff may pierce the corporate veil so as to reach Allstate, Nelson, and Landau before obtaining a judgment against Whitelawn and Supermarket.

In New York the general rule is that creditors of a corporation may not recover from a parent corporation or its stockholders "until they have exhausted their legal remedy against the corporation by recovery of a judgment against it, and return of an execution wholly or partly unsatisfied, unless they show that this was impossible or would have been useless." 13A Fletcher, Corporations, § 6320 (1963 Revised Vol.), at pp. 223–4. In Netley Offices v. Burgundy Realty Corp., 238 App.Div. 559, 265 N.Y.S. 356, 360–361 (1933), aff'd, 265 N.Y. 581, 193 N.E. 330 (1934), the court stated that:

"The plaintiff cannot recover against the individual defendant unless it first obtains judgment against the corporate defendant. In the first cause of action set forth in the complaint plaintiff seeks to recover the sum of $15,000 from the corporate defendant. As yet no judgment has ever been obtained against the corporate defendant, and, consequently, no action lies against the individual defendant. In Almirall & Co. v. McClement [207 App.Div. 320, 202 N.Y.S. 139 (1923), aff'd, 239 N.Y.

630, 147 N.E. 225 (1925)], this court, in discussing the case of Quaid v. Ratkowsky, 183 App.Div. 428, 170 N.Y.S. 812, said: 'In that case plaintiffs were [already] judgment creditors of the corporation, all of the stock of which was held by the defendant.'

"Manifestly, until a judgment is obtained against the corporate defendant and until an execution of such judgment is issued, it cannot be said that the corporate defendant will fail to satisfy such judgment."[2]

Since the law "does not require the doing of a useless thing * * *." 13A Fletcher, Corporations, § 6322 (1963 Revised Vol.), at pp. 229–30, failure to obtain a judgment against the corporation and the return of execution unsatisfied may be excused by discharge of the corporation in bankruptcy, Firestone Tire and Rubber Co. v. Agnew, 194 N.Y. 165, 86 N.E. 1116, 24 L.R.A., N.S., 628 (1909), or by a showing that the corporation is "notoriously" insolvent. 13A Fletcher, supra, § 6322; but, see, Gause v. Boldt, 49 Misc. 340, 99 N.Y.S. 442 (Sup.Ct.1906), modified and aff'd, 115 App.Div. 897, 100 N.Y.S. 1117 (App.Div.1906), aff'd, 188 N.Y. 546,· 80 N.E. 566 (1907).

Another exception to the general rule has developed where a strong public interest is involved, as for example in the taxicab industry. See, Mull v. Colt Co., 31 F.R.D. 154 (S.D.N.Y.1962), and cases cited therein. But, see, Walkovszky v. Carlton, 18 N.Y.2d 414, 276 N.Y.S.2d 585, 223 N.E.2d 6 (November 29, 1966), reversing 24 A.D.2d 582, 262 N.Y.S.2d 334 (1965).

---

**2.** Even where creditors have a statutory right of action against shareholders or against directors, they must first exhaust their remedy against the corporation. Stull v. Terry & Tench, Inc., 81 N.Y.S. 2d 43 (City Ct. of N.Y.1948) (Under Section 70 of the Stock Corporation Law, now Section 628 of the Business Corporation Law, McKinney's Consol.Laws, c. 4, a "judgment creditor" may sue a shareholder for any unpaid portion of his sub-

scription.); Waters v. Spalt, 22 Misc.2d 937, 80 N.Y.S.2d 681 (1948) (A creditor cannot maintain an action against directors, as authorized by Section 58 of the Stock Corporation Law, now Section 719 of the Business Corporation Law, McKinney's Consol.Laws, c. 4, until he has exhausted his remedy against the corporation by the recovery of a judgment which he has been unable to satisfy.)

Unless plaintiff comes within the exceptions to the general rule, it must first pursue its remedy against Whitelawn and Supermarket to judgment before it may resort to Allstate, Nelson and Landau. The affidavits in support of this motion substantially controvert the allegations contained in the amended ninth cause of action and indicate that neither Whitelawn nor Supermarket are judgment proof or nearly so. Therefore, the plaintiff has failed to bring itself within one of the exceptions of the New York general rule.

Moreover, under New York law the corporate entity is not lightly disregarded. Lowendahl v. Baltimore & O. R.R., 247 App.Div. 144, 287 N.Y.S. 62 (1936), aff'd, 272 N.Y. 360, 6 N.E.2d 56 (1936); Almirall & Co. v. McClement, 207 App.Div. 320, 202 N.Y.S. 139 (1923), aff'd, 239 N.Y. 630, 147 N.E. 225 (1925). In Lowendahl, supra, 287 N.Y.S., at 72, the court stated that, "Control through mere ownership of a majority or of even all the capital stock and the use of the power incident thereto to elect officers and directors will not in and of itself predicate liability." Also, see, Pagel, Horton & Co. v. Harmon Paper Co., 236 App.Div. 47, 258 N.Y.S. 168 (App. Div.1932). In P.S.&A. Realties v. Lodge Gate Forest, 205 Misc. 245, 127 N.Y.S.2d 315 (Sup.Ct.), the court added that, "Genuine corporate organization, even when adopted for the express purpose of avoiding personal liability, is not to be lightly disregarded, and mere failure upon occasion to follow all the forms prescribed by law for the conduct of corporate activities will not justify such disregard * * *." Also, see, Walkovszky v. Carlton, supra. To permit the plaintiff in this action to attempt to pierce the corporate veil at the outset, despite the uncontradicted and affirmative statements contained in the affidavits submitted in support of the motion for summary judgment, would undercut the strong policy expressed in the New York cases to respect the corporate entity. It would mean that in every case involving a closely-held corporation or a subsidiary, the stockholders or parent thereof could be joined at the outset and could be forced to undergo elaborate pre-trial proceedings as well as a trial itself on issues which would become relevant only *if* a judgment was recovered and *if* execution was returned unsatisfied. As stated by Justice Cardozo in Berkey v. Third Ave. Ry., 244 N.Y. 84, 94, 155 N.E. 58, 61, 50 A.L.R. 599 (1926):

> "The whole problem of the relation between parent and subsidiary corporations is one that is still enveloped in the mists of metaphor. Metaphors in law are to be narrowly watched, for starting as devices to liberate thought, they end often by enslaving it."

Motions of defendants Allstate, Nelson, and Landau for summary judgment dismissing the ninth cause of action of the plaintiff's amended complaint are granted.

Settle order on notice.