■ CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Respondent, v 264 WATER STREET ASSOCIATES et al., Defendants, BROADSTONE GROUP, INC., et al., Appellants, and SEVILLE INTERIOR PARTITION, INC., et al., Respondents.—Order, Supreme Court, New York County (Eve M. Preminger, J.), entered August 2, 1990, which, *inter alia,* denied the motion of defendants-appellants Broadstone Group, Inc. and Philip Levien to dismiss the amended complaint against them for failure to state a cause of action pursuant to CPLR 3211 (a) (7), unanimously affirmed to the extent appealed from, with costs.

Plaintiff commenced this action to foreclose two mortgages and to enforce certain guarantees executed in connection therewith. Plaintiff initially sued the mortgagor and guarantors, one of which was Broadstone Ownership Group, Inc. ("Broadstone Ownership"). Plaintiff thereafter served an amended complaint, adding as party defendants appellant Broadstone Group, Inc., Broadstone Ownership's parent and appellant Philip Levien, president of both corporations and controlling shareholder of Broadstone Group. Plaintiff alleged that the subsidiary is dominated and controlled by the parent and Levien to the extent that its acts are the acts of appellants, and that appellants engaged in a scheme to defraud by causing substantial assets of the subsidiary to be transferred to the parent in the form of a stock dividend which left the subsidiary with insufficient assets to honor its guarantee on the notes. By reason of this alleged fraud, plaintiff sought to pierce the corporate veil of the parent and hold both the parent and Levien responsible for the guarantee of the subsidiary.

Appellants moved to dismiss, contending that plaintiff must first obtain a judgment against the subsidiary before proceeding against the parent and its president *(see, Eskimo Pie Corp.*

*v Whitelawn Dairies,* 266 F Supp 79). The court denied the motion, finding the allegations sufficient to state a claim, and holding that it was unnecessary to first obtain a judgment against the subsidiary.

A court may pierce the corporate veil to reach the controlling parent, shareholder or director, upon a showing that said party exercised complete domination in respect to the transaction attacked so that the subsidiary had at the time no separate will of its own *(Oriental Commercial & Shipping Co. v Rosseel, N. V.,* 702 F Supp 1005, 1018). Here, plaintiff specifically alleged that appellants masterminded a scheme to denude the subsidiary of its assets in order to render it unable to honor its obligations resulting in a loss to plaintiff *(see, Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, *rearg denied* 30 NY2d 880, *cert denied* 409 US 875). Nor is it necessary that an unsatisfied judgment first be obtained to pierce the corporate veil *(see, Path Instruments Intl. Corp. v Asahi Opt. Co.,* 312 F Supp 805, 811). Further, plaintiff alleged sufficient allegations to sustain a cause of action to pierce the corporate veil by alleging that the individual defendant dominated and controlled the corporation and caused the corporation to make fraudulent conveyances *(see, A/S Domino Mobler v Braverman,* 669 F Supp 592, 594). Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.