DAVID W. CALVIN *vs.* SAMUEL R. HUNTLEY.
JOSEPH TREU *vs.* SAME.

Bristol. October 22, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

U. S. Rev. Sts. § 4527 providing, that a seaman discharged before one month's wages are earned, without fault on his part and without his consent, shall receive in addition to any wages he may have earned a sum equal in amount to one month's wages as compensation, does not impose a penalty or forfeiture, but establishes a rule of damages for breach of contract, and the State court has jurisdiction of an action at common law to recover such compensation.

TWO ACTIONS OF CONTRACT against the owner and master of the coasting schooner William J. Lipsett, each to recover a sum equal in amount to one month's wages, in addition to wages earned by the plaintiff at the time of his alleged wrongful discharge by the defendant. Writ dated August 10, 1899.

The declaration in each case alleged, that the plaintiff shipped at Philadelphia on August 1, 1899, for a coasting voyage between the port of Philadelphia and the port of New Bedford, and by the shipping articles bound himself to serve upon the schooner William J. Lipsett, of which the defendant was owner and master, for the term of two months, as seaman at the wages of $25 per month and board or provisions and lodgings on board of said schooner ; that the plaintiff entered upon the performance of his agreement and continued therein, until the schooner reached the port of New Bedford, and was ready and willing to continue in the performance of his agreement, but the defendant wrongfully refused to suffer or permit the plaintiff to continue in the performance of his agreement, and wrongfully discharged him at New Bedford, on the 8th day of August, and compelled him to leave the schooner. The claim in each case was for $6.66 earned as wages up to the time of discharge, $25 for a sum equal in amount to one month's wages, and $16 for board and lodging, making $47.66 in all.

The claim to recover a sum equal in amount to one month's wages was based upon U. S. Rev. Sts. § 4527, which provides that " Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the Court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

In the Superior Court, the defendant in each case filed a motion to dismiss for want of jurisdiction, on the ground that the subject matter and form of suit were in the nature of admiralty, of which the United States courts have exclusive jurisdiction. The Superior Court allowed the motions and dismissed both cases for want of jurisdiction. The plaintiffs appealed to this court.

*T. F. Desmond*, for the plaintiffs.

*E. D. Stetson*, for the defendant.

HAMMOND, J. In each of these actions the plaintiff, a seaman, seeks to recover against the master of the vessel the wages earned by him up to the time of his discharge, and in addition thereto a sum equal in amount to one month's wages, as provided in U. S. Rev. Sts. § 4527. The cases are before us on appeals from a judgment of the Superior Court dismissing them for want of jurisdiction.

While a seaman may maintain a libel in the admiralty court for his wages, he can also maintain at his election an action at common law against the master or owner of the vessel. *Temple* v. *Turner*, 123 Mass. 125, 128, and cases there cited. *Smith* v. *Oakes*, 141 Mass. 451, 454. *Leon* v. *Galceran*, 11 Wall. 185. Such an action is within the exception named in U. S. Rev. Sts. § 4547, that "nothing herein contained shall prevent any seaman from maintaining any action at common law for the recovery of his wages."

It is also well settled that civil cases arising under the Constitution and laws of the United States may be tried and determined in the State courts unless the national Constitution or laws have vested exclusive jurisdiction of them in the federal courts. *Crocker* v. *Marine National Bank*, 101 Mass. 240. *Claflin* v. *Houseman*, 93 U. S. 130, 136.

But it is urged that this is an action to recover a forfeiture or penalty within the meaning of U. S. Rev. Sts. § 711, cl. 2, which provides that the federal courts shall have exclusive jurisdiction "of all suits for penalties and forfeitures incurred under the laws of the United States."

Section 4527, which applies to this action, is as follows: "Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

It is to be observed that the language of the section is not that ordinarily used in a penal statute. Neither the word "penalty"

nor "forfeiture" is in it. Moreover it does not provide punish-
ment for the commission of a criminal offence nor for the neglect
of a statutory duty, nor even for the neglect of a duty in the
performance of which the public as such may be supposed to
have an interest. It speaks not of punishment but of compen-
sation, its object is to protect the seaman from loss rather than
to punish the master for discharging him. The remedy is given
to the seaman alone, and its plain purpose is to furnish a clear
and well defined rule of damages as between him and the master
for a breach of contract in which the seaman and the master or
owner are the only persons interested.

The statute, being the law of the jurisdiction where the con-
tract was made, is the law with reference to which the parties
must be presumed to have contracted, or in other words it is
the law of the contract, and it is as much a part of the contract
as though inserted therein.

Nor does the rule of damages seem unreasonable. The ship-
ping contract calls upon the seaman to go to various places,
sometimes far from home, and it may be, for instance as in this
case was the actual fact, that he may be discharged in a port
distant from that where he signed the articles, or where he can-
not immediately secure any other employment on board ship or
elsewhere, and that in all fairness he should recover more than
the amount due him for wages earned. Hence it might be
deemed advisable to have this indefinite element made definite
by a general law with reference to which the parties may con-
clusively be presumed to have contracted, and which therefore
should be taken to be the law of the contract. The object of
the statute is not to punish but to provide a reasonable rule of
compensation for a breach of contract. We think the statute
not penal but remedial. It follows that the State court had
jurisdiction.

*Judgment dismissing actions reversed.*