### HUTCHINSON v. YOUNG.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. VENUE—CORPORATION—FALSE REPORT—ACTION AGAINST OFFICER.
   Stock Corporation Law, § 31, provides that, if any annual report of a corporation shall be false in any material representation, the officers signing the same shall be personally liable to any person who has become a stockholder of the corporation upon the faith of such report to the amount of the damage sustained by such stockholder. *Held*, that section 31 is not penal, and hence an action thereunder is not within Code Civ. Proc. § 983, providing that an action must be tried in the county where the cause of action arose, where it is brought "to recover a penalty or forfeiture imposed by statute."

Appeal from special term, Kings county.

Action by Archibald A. Hutchinson against John Alvin Young. From an order changing the place of trial from Kings to New York county, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

William M. Bennett, for appellant.
R. Floyd Clarke, for respondent.

GOODRICH, P. J. This appeal is from an order changing the venue from Kings county to New York county. The complaint sets out two causes of action separately. The first is that the defendant, being treasurer of the National Salt Company, a New Jersey corporation, and desiring to effect a sale of his stock therein at an excessive and fictitious value, made, as treasurer, a false report of the financial standing of the company; that such report came into the hands of the plaintiff, who was thereby induced to purchase stock at a price greatly in excess of its actual value, and that "the defendant has become liable to the plaintiff by virtue of the facts hereinbefore set forth and section 31 of the stock corporation law of the state of New York." As the second cause of action, the complaint sets out substantially the same facts somewhat more in detail, but makes no reference to the Thirty-First section of the stock corporation act. It contains an allegation that the statements "were false and fraudulent, and known by the defendant to be false and fraudulent, and made with intent to deceive." The affidavit on the motion to change the venue from Kings to New York county stated that the company had its general office in the county of New York, where the defendant transacted all his business as treasurer of the company, and where he made and signed all official reports of the company; that his coun-

sel advised him that the first cause of action was an action to re-·
cover a penalty, and that it arose in the county of New York, for·
which reasons he moved, under section 983 of the Code of Civil
Procedure, to have the place of trial changed to that county.  The
section provides that the action must be tried in the county where
the cause of action arose, where it is brought "to recover a penalty or
forfeiture imposed by statute."  The court granted the motion, and
the plaintiff appeals, contending: First, that, since the amendment
of the stock corporation act in 1892, an action under section 31 is
not a penal action; and, second, that the affidavit does not show that
the cause of action arose in New York county.  The defendant de-
murred to the complaint on the ground of misjoinder of causes of ac-
tion, and, although that issue has not been tried, our decision will
necessarily affect that issue, as it involves the same question that is
raised by this appeal.

The first question to be considered is whether the present statute
is penal.  The stock corporation law (section 30) requires every do-
mestic and every foreign stock corporation doing business within this
state to make and file annually a report of its affairs.  Section 31 pro-
vides that, if any such report shall be false in any material representa-
tion, the officers signing the same shall be personally liable to any
person who has become a stockholder of the corporation upon the
faith of such report, to the amount of the damage sustained by such
stockholder, where the contents of such report have been communi-
cated either directly or indirectly to such person, and he became a·
stockholder on the faith thereof.  The present statute differs from
the former statutes on the same subject.  They made the officers
who filed a false report liable for all the debts of the company, whether
or not incurred on the faith of the report, and irrespective of.the
amount of the debts.  Section 31 of the present act makes the officer
liable to a stockholder only to the amount of the damage sustained
by him where he has become such stockholder on the faith and with
knowledge of the report.  The former statutes were held to be penal,
and the action to recover a debt local.  In Veeder v. Baker, 83 N. Y.
156, the court of appeals, Judge Earl, writing, held (page 160): "That
such an action is a penal action is no longer open to question in this
court.  The statute imposes upon the officers of such a company, as
a penalty for a false report, liability for the debts of the company."
Section 31, however, does not impose upon the officer of a corporation
liability for all the debts of the corporation, but simply a liability to
any person who has become a stockholder on the faith of such a
report.  This liability is greater than that which existed at common
law, where, in an action for deceit scienter was essential to the mainte-
nance of the action.  But this fact does not necessarily render the
statute penal.  "A statute imposing upon those who disregard its pro-
visions a liability for all actual losses or damages which are occasioned
thereby, but nothing more, does not impose a penalty."  13 Am. & ··
Eng. Enc. of Law (2d Ed.) p. 54.  In Merchants' Bank v. Bliss, 35
N. Y. 412, the court had under consideration sections 12 and 13 of
the general manufacturing act of 1848 (chapter 40), which made the
trustees of a company liable for failure to file an annual report, and·

held that the act was penal in character.    But this act made the default-
ing trustees liable for all the debts of the corporation.    The liability
thereunder was not limited to the damages of any particular creditor.
The same view was expressed in Stokes v. Stickney, 96 N. Y. 323.
In Dykman v. Keeney, 10 App. Div. 610, 42 N. Y. Supp. 488, this
court had under consideration section 23 of the stock corporation
law, which declares the directors of a stock corporation who have
made a dividend except from surplus profits liable to the creditors of
the corporation for any loss sustained by them by reason of such
dividend.    We held that this was to be treated, not as a penalty, but
as a provision for indemnity against loss.    On a subsequent appeal
(16 App. Div. 131, 45 N. Y. Supp. 137), we referred to such former
holding, and the court of appeals affirmed on our opinion (160 N. Y.
677, 54 N. E. 1090).    "Penal laws," said the court in Huntington v.
Attrill, 146 U. S. 657, 667, 13 Sup. Ct. 224, 227, 36 L. Ed. 1123,
"strictly and properly, are those imposing punishment for an offense
committed against the state, and which, by the English and American
constitutions, the executive of the state has the power to pardon.
Statutes giving a private action against the wrongdoer are sometimes
spoken of as penal in their nature, but in such cases it has been pointed
out that neither the liability imposed nor the remedy given is strictly
penal."    In Calvin v. Huntley, 178 Mass. 29, 59 N. E. 435, section
4527 of the United States Revised Statutes [U. S. Comp. St. 1901, p.
3077] was held not to be penal, but remedial.    The section provided
that where a seaman was discharged in a foreign country without
fault on his part he should have a right of action against the master
or owner for one month's extra wages as compensation.    While I
can find no express decision as to section 31, the analogy of these
authorities compels the decision that section 31 is not a penal statute.
If not a penal statute, it is not within the provision of section 983
of the Code of Civil Procedure, which requires an action to recover a
penalty to be brought in the county where the cause of action arose.
The order should be reversed.

Order reversed, with $10 costs and disbursements.    All concur.