ARCHIBALD A. HUTCHINSON, Appellant, *v.* JOHN ALVIN YOUNG, Respondent.

*False report by a corporation — section 31 of the Stock Corporation Law, as amended in 1892, is not a penal statute — venue of an action thereunder.*

Section 31 of the Stock Corporation Law (Laws of 1890, chap. 564), as amended by chapter 688 of the Laws of 1892, providing that, if the annual report of a corporation is false in any material representation, the officers signing the same shall be personally liable to any person who has become a stockholder of the corporation upon the faith of such report to the extent of the damages sustained by such stockholder, is not a penal statute, and an action brought thereunder is not governed by section 983 of the Code of Civil Procedure, which provides that an action "to recover a penalty or forfeiture imposed by statute" must be tried in the county where the cause of action arose.

APPEAL by the plaintiff, Archibald A. Hutchinson, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of October, 1902, directing that the place of trial be changed from the county of Kings to the county of New York.

*William M. Bennett,* for the appellant.

*R. Floyd Clarke,* for the respondent.

GOODRICH, P. J.:

This appeal is from an order changing the venue from Kings county to New York county. The complaint sets out two causes of action separately. The first is that the defendant, being treasurer of the National Salt Company, a New Jersey corporation, and desiring to effect a sale of his stock therein at an excessive and fictitious value, made, as treasurer, a false report of the financial standing of the company; that such report came into the hands of the plaintiff, who was thereby induced to purchase stock at a price greatly in excess of its actual value, and that "the defendant has become liable to the plaintiff by virtue of the facts hereinbefore set forth and section 31 of the Stock Corporation Law of the State of New York."

As the second cause of action, the complaint sets out substantially the same facts somewhat more in detail, but makes no reference to the 31st section of the Stock Corporation Law (Laws of 1890, chap. 564, as amd. by Laws of 1892, chap. 688). It contains an allegation that the statements "were false and fraudulent and known by the defendant to be false and fraudulent and made with the intent to deceive."

The affidavit on the motion to change the venue from Kings to New York county stated that the company had its general office in the county of New York, where the defendant transacted all his business as treasurer of the company and where he made and signed all official reports of the company; that his counsel advised him that the first cause of action was an action to recover a penalty and that it arose in the county of New York, for which reasons he moved under section 983 of the Code of Civil Procedure to have the place of trial changed to that county. The section provides that the action must be tried in the county where the cause of action arose

where it is brought " to recover a penalty or forfeiture, imposed by statute." The court granted the motion and the plaintiff appeals, contending, *first*, that since the amendment of the Stock Corpora-' tion Law in 1892, an action under section 31 is not a penal action; and, *second*, that the affidavit does not show that the cause of action arose in New York county.

The defendant demurred to the complaint on the ground of mis-joinder of causes of action, and, although that issue has not been tried, our decision will necessarily affect that issue as it involves the the same question that is raised by this appeal.

The first question to be considered is whether the present statute is penal. The Stock Corporation Law (§ 30, as amd. by Laws of 1897, chap. 384) requires every domestic and every foreign stock corpora-tion doing business within this State, except moneyed and railroad corporations, to make and file annually a report of its affairs. Sec-tion 31 (as amd. by Laws of 1892, chap. 688) provides that if any such report shall be false in any material representation, the officers signing the same shall be personally liable to any person who has become a stockholder of the corporation upon the faith of such report, to the amount of the damage sustained by such stockholder, where the contents of such report have been communicated either directly or indirectly to such person, and he became a stockholder on the faith thereof.

The present amended statute differs from the former statutes on the same subject. They made the officers who filed a false report liable for all the debts of the company, whether or not incurred on the faith of the report and irrespective of the amount of the debts. Section 31 of the present act (as amd. by Laws of 1892, chap. 688) makes the officer liable to a stockholder only to the amount of the damage sustained by him where he has become such stockholder on the faith and with knowledge of the report. The former statutes were held to be penal, and the action to recover a debt to be local. In *Veeder* v. *Baker* (83 N. Y. 156) the Court of Appeals, Judge EARL writing, held (p. 160): " That such an action is a penal action is no longer open to question in this court. The statute imposes upon the officers of such a company, as a penalty for a false report, liability for the debts of the company." Section 31 (as amd. by Laws of 1892, chap. 688), however, does not impose

upon the officer of a corporation liability for all the debts of the corporation, but simply a liability to any person who has become a stockholder on the faith of such a report. This liability is greater than that which existed at common law, where in an action for deceit *scienter* was essential to the maintenance of the action. But this fact does not necessarily render the statute penal. " A statute imposing upon those who disregard its provisions a liability for all actual losses or damages which are occasioned thereby, but nothing more, does not impose a penalty." (13 Am. & Eng. Ency. of Law [2d ed.], 54.)

In *Merchants' Bank* v. *Bliss* (35 N. Y. 412) the court had under consideration sections 12 and 13 of the General Manufacturing Act of 1848 (Chap. 40) which made the trustees of a company liable for failure to file an annual report, and held that the act was penal in character. But this act made the defaulting trustees liable for all the debts of the corporation. The liability thereunder was not limited to the damages of any particular creditor. The same view was expressed in *Stokes* v. *Stickney* (96 N. Y. 323).

In *Dykman* v. *Keeney* (10 App. Div. 610) this court had under consideration section 23 of the Stock Corporation Law (as amd. by Laws of 1892, chap. 688), which declares the directors of a stock corporation who have made a dividend, except from surplus profits, liable to the creditors of the corporation for any loss sustained by them by reason of such dividend. We held that this was to be treated, not as a penalty, but as a provision for indemnity against loss. On a subsequent appeal (16 App. Div. 131) we referred to such former holding, and the Court of Appeals affirmed on our opinion. (160 N. Y. 677.)

" Penal laws," said the court in *Huntington* v. *Attrill* (146 U. S. 657, 667), " strictly and properly, are those imposing punishment for an offense committed against the State, and which, by the English and American constitutions, the executive of the State has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

In *Calvin* v. *Huntley* (178 Mass. 29) section 4527 of the United States Revised Statutes was held not to be penal but remedial.

The section provided that where a seaman was discharged in a foreign country without fault on his part, he should have a right of action against the master or owner for one month's extra wages as compensation.

While I can find no express decision as to section 31 (as amd. by Laws of 1892, chap. 688), the analogy of these authorities compels the decision that section 31 is not a penal statute. If not a penal statute, it is not within the provision of section 983 of the Code of Civil Procedure, which requires an action to recover a penalty to be brought in the county where the cause of action arose.

The order should be reversed.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.