Jenks, J.:
The action is to recover damages resulting from the purchase of stock in a corporation upon the faith of a false report made and issued by the defendant, its treasurer. The plaintiff pleads a cause of action under section 31 of the Stock Corporation Law,* and a cause of action upon substantially the same facts, making the same allegations, supplemented ■ by further allegations of misrepresentation, and alleging the scienter of the defendant. The defendant demurs that there is a misjoinder of a cause of action for a penalty *408 under the said section with one for injury to personal property sounding in tort.
On a former appeal by the plaintiff from an order changing venue, we thought it pertinent to consider the question whether this cause of action based upon said section 31 was penal, and we decided that it'was not. (Hutchinson v. Young, 80 App, Div. 246.) It is not necessary to restate the grounds for our judgment. The defendant admits that the second cause of action is for an injury to personal property within subdivision 6 of section 484 of the Code of Civil Procedure, but he contends that the first cause of action falls either within subdivision 1 of that section, as foundéd upon a contract implied by law or a quasi contract, or Within subdivision 8 of the same section, as a claim against a trustee.' I cannot accede to either proposition. The action conferred by the statute of 1892 (supra) in its present form is analogous to the common-law action for deceit or fraud, but. in furtherance of such remedy in that it does not require proof ’ of scienter. This is the view taken by the court in Parsons v. Johnson (28 App. Div. 1), Where Ward, J., says: “ The action upon this statute is one in tort partaking largely of the character of an action for damages for fraudulent representations knowingly made upon the sale of property.” The cause of action does not fall within éubdivi’sion 8 of section 484 of the Code of Civil Procedure for the reason that the defendant was not the trustee of the plaintiff when he made the false report which is the basis of the complaint on that cause of action. Of course, the cause of action <could not arise until the plaintiff purchased the stock, but the theory of the action is not to bring the defendant to book as an officer or a director of the corporar tion charged With the duty of a trustee with the care and management of the corporate property, but for his fraud in inducing the. plaintiff to become the purchaser of its stock. The deceit or fraud lies in the report which necessarily must have been made, before the plaintiff became a stockholder, and, therefore, before he became a cestui que trust of the defendant. The plaintiff does not complain a's a stockholder on account of the administration of its Affairs by the defendant, but for his fraud which induced the plaintiff to part with his money in the purchase of the stock.
The act complained of is fraud or .deceit. Fraud whereby one *409 is induced to part with his money or property constitutes an injury to property within subdivision 10 of section 3343 of the Code of Civil Procedure. (Benedict v. Guardian Trust Co., 58 App. Div. 302; Campion Card & Paper Co. v. Searing, 47 Hun, 237.) This common-law and this statutory cause of action are similar as to the grounds thereof — fraud, and afford the same relief — damages. Each, to my mind, is an injury, to personal property, and, therefore, they may be joined under subdivision 6 of section 484 of the Code of Civil Procedure. The origin of the rights of action can afford no logical reason for forbidding this union. Abbott in his Trial Brief on the Pleadings (§ 711) states the rule: “ It is the better opinion that upon the same principle a common-law ground of recovery may be joined with a ground of recovery upon a statute,” citing Chicago & Alton R. R. Co. v. Dillon (123 Ill. 570); Pearson v. Milwaukee & St. Paul R. Co. (45 Iowa, 497); Haynes v. Buffalo, N. Y. & P. R. R. Co. (38 Hun, 17); Durant v. Gardner (10. Abb. Pr. 445). . (See, too, State ex rel. Attorney-General v. Milwaukee, L. S. & W. Ry. Co., 45 Wis. 579.)
I see no force in the point of inconsistency. Bliss on Code Pleading (§ 122) says that the requirement of consistency is but logical, and suggests as the test whether one cause of action, if valid, shows the other not to be bad. Abbott in his Trial Brief on the Pleadings (§ 427) lays down the rule: “ It is the better opinion that the rule, that inconsistent causes of action cannot be joined, refers to inconsistency in point of fact between essential allegations, and not to incongruity in legal theory, nor to the mere sufficiency of one, if established, to render the other superfluous,” citing authorities. Comparison of the causes of action reveals nothing contradictory or exclusive. The plaintiff in each complains of fraud or deceit, based upon substantially the same facts, and asks for damages which are identical. The difference is in additional allegations of misrepresentation, and in the further allegation of scienter, both set forth in the common-law cause of action. Proof of the second cause of action would establish the first cause of action. Proof of the first cause of action would tend to establish the second cause of action. The learned counsel cites as the case almost “ parallel,” Sweet v. Ingerson (12 How. Pr. 331). But there the counts were in assumpsit and for fraud and deceit. Abbott in his Trial Brief *410 on the Pleadings (§ 416) cites this very case on the principle of election between a contract and a tort. . And, further, the court said in that case : “ These causes of action cannot consist with each other. They demand a totally different line of proof, a different judgment and different process for enforcing a final recovery.” These are the words italicized by the learned counsel for the appellant. The case was cited by counsel as stare decisis in Seymour v. Lorillard (51 N. Y. Super. Ct. 400). At pages 401 and 402 it was severely criticized by the learned opposing counsel in that case as being doubted, rejected and overthrown, and it was not heeded, but disregarded by the court. I cannot see the parallel.
If I am correct in the views hitherto expressed, both of the causes of action in this case are ex delicto / the proof of them is upon similar lines, though one extend further than the other, and the final recovery- is identical. And even the final recovery may be enforced in like manner; for there may be the right of arrest and, consequently, of body execution (Code Civ. Proc.- §§ 549,1487) in actions purely statutory. (People ex rel. Harris v. Gill, 85 App. Div. 192.)
The interlocutory judgment should be affirmed, with costs.
All concurred.
Interlocutory judgment affirmed, with costs.

 See Laws of 1893, chap. 688.— [Rep.