NEW YORK CREDIT MEN'S ASSOCIATION, as Trustee in Bankruptcy of BENJAMIN BALISH COMPANY, INC., Appellant, *v.* CARL I. DINGFELDER et al., Respondents.

Argued January 22, 1942; decided March 5, 1942.

*Max Freund* for appellant. Loans to stockholders are expressly prohibited by section 59 of the Stock Corporation Law (Cons. Laws, ch. 59) and such loans to Balish, therefore, could not be authorized even by all the stockholders of the company. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; *Schwab* v. *Potter Co.*, 194 N. Y. 409; *Deitrick* v. *Greaney*, 309 U. S. 190; *Republican Art Printery, Inc.*, v. *David*, 173 App. Div. 726; *Murray* v. *Smith*, 166 App. Div. 528; *McCandless* v. *Furlaud*, 296 U. S. 140; *Ward* v. *City Trust Co.*, 192 N. Y. 61; *Squire* v. *Ordemann*, 194 N. Y. 394; *Cohnfeld* v. *Tanenbaum*, 176 N. Y. 126.)

*Harry Weinberger, Chester A. Pearlman* and *W. E. Aronberg* for respondents. Section 59 of the Stock Corporation Law, imposing liability on officers and directors for loans to stockholders, does not impose any duty or liability on a payee of corporate paper where all the stockholders consent and the corporation is solvent. (*Billings* v. *Trask*, 30 Hun, 314; *Stolz* v. *Ginsburg*, 217 App. Div. 701; 245 N. Y. 519;

*Martindale* v. *De Kay*, 101 Misc. Rep. 728; 180 App. Div. 926; 224 N. Y. 585; *Osborn* v. *Montelac*, 89 Hun, 167; 153 N. Y. 672; *Moch Co.* v. *Security Bank of New York*, 176 App. Div. 842; *Martin* v. *N. F. P. Mfg. Co.*, 122 N. Y. 165; *Little* v. *Garabrant*, 90 Hun, 404; 153 N. Y. 661; *Steinway* v. *Steinway*, 2 App. Div. 301; 157 N. Y. 710; *McCandless* v. *Furlaud*, 296 U. S. 140; *Quintal* v. *Fidelity & Deposit Co.*, 142 Misc. Rep. 657; 238 App. Div. 820; *Old Dominion Copper Mining Co.* v. *Lewisohn*, 210 U. S. 206; *Ahlheim & Co.* v. *Syracuse Cold Storage Co.*, 242 App. Div. 897; *Charles Broadway Rouss, Inc.*, v. *Cooper*, 69 Fed. Rep. [2d] 671.)

*Per Curiam.* The corporation paid no money to its president, but, upon his express or implied promise to repay, the corporation made a direct payment upon the obligation of the president incurred by him in the purchase of property which he transferred to the corporation. The corporation was formed to acquire that property and could not carry on its business without it. The evidence sufficiently shows that the corporate payment was made primarily for the benefit of the corporation and with the consent, express or implied, of all the directors and stockholders. We hold that a payment so made does not violate the provisions of section 59 of the Stock Corporation Law (Cons. Laws, ch. 59). We consider no other question.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur; LEWIS, J., dissents.

Judgment affirmed.