Keniston, G. J.
This is an action of contract or tort to recover damages of $50. each of a total of $100. for two overpayments of $5. each in excess of the maximum monthly rent as determined by the Price Administrator under the provisions of Sec. 205 (e) of the Emergency Price Control Act of 1942 (Public Law 421, 77th Congress, 2nd Session, 56, Statute 23 as amended).
In accordance with Sec. 205 (d) of the Act, the Administrator was allowed to intervene and become a party.
There was evidence tending to show that the plaintiffs, as tenants, occupied the premises owned by the defendant, as landlord, from March 1, 1942, up to and including December 15,1942; that the rent paid in March, 1942, was $40. a month; that on November 15, 1942, and again on De *231 cember 15, 1942, the defendant demanded and was paid by the plaintiffs $45. as rent for each of those two months, that from March 1, 1942, until January 15, 1943, there had been no change in the housing accommodations of the premises other than ordinary repairs and maintenance, and that on November 1,1942, by virtue of maximum rent regulation. No. 53, $40. per month became the legal rent for such housing accommodations.
Both parties seasonably filed requests for rulings.
The trial judge did not act upon either the plaintiffs’ or the defendant’s requests for rulings but instead made the following voluntary rulings of law and order for dismissal for want of jurisdiction.
“I rule that this court is not a court of competent jurisdiction within the meaning of that phrase as the same appears in the ‘Emergency Price Control Act of 1942’ — (Public Law 421 — 77th Congress) — Section 205 (e) thereof. I also rule that by Section 204 (d) of said act exclusive jurisdiction to determine the validity of any regulation or order issued under Section 2 of said price schedule effective in accordance with the provisions of Section 206, and of any provision of any such regulation, order, or price schedule is vested in the Emergency Court of Appeals and the Supreme Court upon review of judgments and orders of said Emergency Court of Appeals. I further rule that said Section 204(d) provides that no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order or price schedule.
Accordingly I hereby order that this action be, and the same hereby is dismissed for want of jurisdiction.”
The plaintiff brings this Appeal from the court’s rulings and order.
The only questions raised by this Appeal are whether the court’s rulings and order of dismissal for want of’ juris *232 diction based upon its construction of the Emergency Price Control Act of 1942, were proper.
The provisions of the Emergency Price Control Act which seem to be material to the questions. involved in this report are as follows:
In Section 1 (a) the Act is declared to be in the interest of National Defense and Security and necessary to the effective prosecution of the War . . . and its purpose, to stabilize prices and to prevent speculative increases in prices and rent; and to eliminate and prevent profiteering. . . . Section 2 (b) provides that whenever, in the judgment of the Administrator, such action is necessary or proper in order to effectuate the purposes of this Act, he shall issue a declaration setting forth the necessity for, and recommendations with reference to, the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area. If within 60 days after the issuance of such recommendations, rents for any such accommodations within such defense-area have not . . . been stabilized or reduced . . . the Administrator may by regulation or order establish such maximum rents for such accommodations as in his judgment will be generally fair and equitable and will effectuate the purpose of this Act. . . .
Section 4 (a) makes it “unlawful, regardless of any contract, agreement or lease, or other obligation heretofore or hereafter entered into, for any person to . . . demand or receive any rent for any defense-area housing accommodations ... in violation of any regulation or order under section 2 . . . ”
The Administrator (Section 201 (d) may from time to time issue such regulations and orders as he may deem necessary or proper to carry out the purposes and provisions of the Act, and any person (Section 203 (a)) subject to any provision of such regulation, order or price *233 schedule, may file a protest with the Administrator, which protest the Administrator shall grant or deny within a reasonable time after the expiration of sixty days and any person (Section 204 (a)) aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals created under sub-section (c) and under sub-section (d), the judgment or order by the Emergency Court of Appeals is subject to review by the Supreme Court.
The last sentence of sub-section (d) of Section 204 is as follows: “Except as provided in this section, no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedules or any provisions of any such regulation, order or price schedule, or to restrain or enjoin the enforcement of any such provision.”
Sub-section (c) of Section 205 is in part as follows: “The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act and concurrently with State and Territorial courts, of all other proceedings under Section 205 of this Act.”
Sub-section (e) of Section 205 provides in part that “If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney’s fees and costs as determined by the court. For the purposes of this section, the payment or receipt of rent *234 for defense-area housing accommodations shall be deemed the buying or selling of a commodity as the case may be. . . . Any suit or action under this sub-section may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent is paid. ’ ’
The trial court has ruled that inasmuch as under subsection (d) of Section 204 exclusive jurisdiction to determine the validity of any regulation, order, or price schedule issued under Section 2 is vested in the Emergency Court of Appeals and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, and that no other courts, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order or price schedule, that this court is not a “court of competent jurisdiction” within the meaning of the Act as defined in sub-section (e) of Section 205.
It appears to be the apparent intent of the Act, as the plaintiff and intervenor both contend, that this court has no authority conferred by the Act in a civil action brought under sub-section (e) of Section 205 “to. consider the validity of the regulation, order, or price schedule”, for a violation of which such a proceeding is brought and can only consider whether there has been a violation and if so to enforce the civil recoveries.
This construction of the Act seems to be sustained by the decision of Yakus v. U. S. of America, Supreme Court Law, ed. Advance Sheets 1943-1944, Vol. 88, page 653.
This decision we assume is binding upon this court as far as the construction of the Act is involved. It would seem to follow that the Act requires the enforcement of orders, regulations and price schedules made by the Administrator even though invalid, whether such invalidity can be determined only by proof of facts dr may appear *235 on the face of the1 regulations or even may have been so determined in prior proceedings under the provisions of sub-section (d) of Section 204 of the Act, at least by some party other than the defendant.
The decision does not seem to hold that an Act must be enforced whether constitutional or not. Marbury v. Madison, 1 Cranch. 137. On what legal principle orders, regulations and price schedules passed under the authority of the Act and having the effect of law can have a higher immunity than the Act itself and avoid judicial scrutiny is not clear. The majority opinion in Yakus v. U. S. of America, supra at page 663, goes no further than to state that such was the intent of Congress in passing the Act.
We assume that Congress may delegate authority to state courts to enforce rights arising solely under Federal Laws and that where so delegated such rights should be enforced in a state court provided such court’s own jurisdiction is appropriate, and the enforcement of such rights is not inconsistent with its own legal procedure and principles. Crocker, et al. v. Marine National Bank of N. Y., 101 Mass. 240, 241; Ammidown v. Freeland, 101 Mass. 303; Calvin v. Huntley, 178 Mass. 29, 31; Grubb v. Public Utilities Com. of O., 281 U. S. 470; McKnett v. St. Louis & S. F. Railway Co., 292 U. S. 230, 233, 234. We doubt, however, the right of any legislative body whether Federal or State, to confer jurisdiction in part and withhold it in part, to a court of this ¡State or to require it to register a mechanical approval of the doings of an administrative or executive body without examination as to the legal merits of such doings, Opinion of the Justices, 251 Mass. 569, 615, or to require it to enforce recoveries under a regulation or order which may be invalid. If the regulation or order is invalid it should be a defense and to deprive a defendant of this right is to deny him a full and fair trial and to submit him to “the arbitrary exercise of *236 the powers of government unrestrained by established principles of private rig’ht and distributive justice.” See Commonwealth v. Gallo, 275 Mass. 320, 327. See Duane v. Merchants Legal Stamp Co., 231 Mass. 113, 127.
“Nothing is clearer than that one cannot be deprived of li'fé, liberty or property without being afforded an opportunity to he heard on the claim against him.” See Pizer v. Hunt, 253 Mass. 321, 332. ’To do so is contrary to Articles 1 and 10 of the Declaration of Rights. See In re Sleeper, 251 Mass. 6,18-19. See Lawrence v. Board of Registration in Medicine, 239 Mass. 424, 428.
We do not feel that the provisions of Sections 203 and 204 relative to protest and appeals afforded to a person affected by a regulation or order of which no actual notice is required and of which such person may have had no actual knowledge are sufficient to satisfy the principles of due process of law so as to prevent such person from questioning the validity of a regulation or order in a proceeding brought under sub-section (e) of Section 205.
Whatever may be the right of Congress to confer limited jurisdiction upon Federal Courts, See Lockerty v. Phillips, 319 U. S. 182, we question its right to require a court which derives its jurisdiction and rights from a state government to accept jurisdiction if it is inappropriate or if it is incompatible with its own state procedure and legal principles. See Mondou v. New York, N.H. & H.R.R., 223 U. S. 1, 56, 57. See Keegan v. Director Gen’l of Rys., 243 Mass. 96, 99. See McKnett v. St. Louis & S. F. Railway. Co. supra at page 233.
For these reasons we are constrained to feel that the limited authority conferred upon this court by the Act is not appropriate to the jurisdiction of the court nor consistent with its legal procedure or constitutional requirements, and that the ruling of the trial court was proper.
Report dismissed.
*237 STATEMENT
Statement of the ownership, management, circulation, etc., required by the Acts of Congress of August 24, 1912, and March 3, 1933 of Massachusetts Appellate Division Reports published bi-monthly at Boston, Mass, for Oct. 1, 1944.
State of Massachusetts, County of Suffolk — ss.
Before me, a Notary Public in and for the State and county aforesaid, personally appeared A. Moskow, who, having been duly sworn according to law, deposes and says that he is the editor of the Massachusetts Appellate Division Reports and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, as amended by the Act of March 3, 1933, embodied in section 537, Postal Laws and Regulations, printed on the reverse of this form, to wit:
1. That the names and addresses of the publisher, editor, managing editor, and business managers are: Publisher, Lawyers' Brief & Publishing Co.; Editors, A. Moskow — H. G. Slater; Managing Editor, A. Moskow; Business Manager, R. S. Hoffman, all of Boston, Mass.
2. That the owner is: (If owned by a corporation, its name and address must be stated and also immediately thereunder the names and addresses of stockholders owning or holding one per cent or more of total amount of stock. If not owned by a corporation, the names and addresses of the individual owners must be given. If owned by a firm, company, or other unincorporated concern, its name and address, as well as those of each individual member, must be given.) Lawyers’ Brief & Publishing Co., W. Kerkin, T. Lyons, A. Moskow and W. G. Embree, all of Boston, Mass.
3. That the known bondholders, mortgagees, and other security holders owning or holding 1 per cent or more of total amount of bonds, mortgages, or other securities are: (If there are none, so state.) None.
4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders and security holders as they appear upon the books of the company but also, in cases where the stockholder or security holder appears upon the books of the company as trustee or in any other fiduciary relation, the name of the person or corporation for whom such trustee is acting, is given; also that the said two paragraphs contain statements embracing affiant’s full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who- do not appear upon the books of the company as trustees, hold stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person, association or corporation has any interest direct or indirect in the said stock, bonds, o<r other securities than as so stated by him.
A. MOSKOW,
Editor.
Sworn to and subscribed before me this 13th day of October, 1944.
[Seal] j. i. MOSKOW.
My commission expires Aug. 26, 1949.