Samuel Null, J.
This is a motion to dismiss the complaint in an action brought by a judgment creditor of a corporation against the defendaxxts, its directors and officers. Although the defendants Epworth and Epworth have in their notice of motion specified numerous grounds for the dismissal of the complaint, they have limited themselves in their brief to two specifications, viz.: that the complaint does not state facts sufficient to state a *938 cause of action and that another action, brought by the trustee in bankruptcy, is pending for the same relief.
The first cause of action is founded upon section 59 of the Stock Corporation Law. By the terms of that section a corporation is forbidden to make a loan of money to any stockholder. For violation of the statute, it provides that an officer or director assenting thereto shall ‘ ‘ be personally liable to the extent of such loan and interest, for all the debts of the corporation contracted before the repayment of sum loaned ”.
The moving defendants do not question the applicability of the statute to the transaction on which the cause of action is based. Their motion to dismiss is predicated upon the ground that plaintiff has failed to establish any loss.
The statute is penal in nature. It created a cause of action in favor of that limited group of creditors of the corporation who were such prior to the repayment of any sums loaned to stockholders. Accordingly, the corporation, itself, has no interest in the liability created by the statute and, hence, is powerless to enforce it. (Billings v. Trask, 30 Hun 314.) In the circumstances, enforcement may not be compelled by one Avho has succeeded to the rights of the corporation. A trustee in bankruptcy has no cause of action for a violation of the provisions of section 59 of the Stock Corporation Lrav. (Stolz v. Ginsburg, 217 App. Div. 701, affd. 245 N. Y. 519.) Nor may it be enforced at the instance of a receiver in supplementary proceedings. (Klages v. Cohen, 146 F. 2d 641, 644.) Since the complaint indicates that the plaintiff falls AAdthin the class for Avhose benefit the action was created he may enforce it in his OAvn name for his own benefit.
Section 58 of the Stock Corporation Law on the other hand, provides that directors who declare or pay a dividend impairing the corporate capital “ shall be liable jointly and severally to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or by its creditors respectively by reason of such dividend or distribution ”. It has been held that the liability of directors under section 58, which was originally section 23 and later section 28 of the Stock Corporation Law, was in the nature of indemnity for loss which the corporation or its creditors may have sustained as the result of an illegal or unauthorized dividend or distribution of corporate assets. (Dykman v. Keeney, 10 App. Div. 610, 617; 16 App. Div. 131, 133, affd. 160 N. Y. 677; Hutchinson v. Young, 80 App. Div. 246.)
The plaintiff, therefore, as a creditor could not maintain the cause of action against corporate directors, as authorized by *939 section 58 of the Stock Corporation Law unless he established that he had exhausted his normal legal remedies by the recovery of judgment which he has been unable to satisfy. (Island Paper Co. v. Carthage Timber Corp., 128 Misc. 246; Shaw v. Asaldi Co., 178 App. Div. 589.) In the absence of an allegation indicating that the plaintiff has sustained a loss as a result of the action complained of or that execution had been returned unsatisfied on the claim, which prior to the commencement of this action was reduced to judgment, the plaintiff has failed to bring himself within the purview of section 58.
Accordingly, the motion is granted to the extent of dismissing the second cause of action with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered herein. Settle order.