Charles E. Murphy, J.
Cross motions are made, one by plaintiffs, to strike out affirmative defenses in an answer; the other, by defendants, to examine’ plaintiffs before trial.
Plaintiffs, as creditors of certain .corporations, have brought an action against these defendants individually as officers, directors and stockholders of such corporations, under section 59 of the Stock Corporation Law of the State of New York. Section 59 forbids corporate loans to stockholders and provides that, “In case of the violation of any provision of this section, the officers or directors making such loan, or assenting thereto * * # shall, jointly and severally, be personally liable to the extent of such loan and interest, for all the debts of the corporation contracted before the "repayment of the sum loaned ”.
By way of affirmative defense the answer asserts that the debtor corporations filed petitions for an arrangement under title XI of the Federal Bankruptcy Act (U. S. Code, tit. 11, § 701 et seq.); that plaintiffs appeared in such proceedings, asserted their indebtedness as herein alleged, and, with other creditors, accepted and were paid certain moneys ‘ ‘ in full settlement and discharge of each of the full claims of each of the plaintiffs ”; that thereby such claims were satisfied and discharged in full prior to the commencement of the present action.
As a second affirmative defense the answer sets up that the matter of the assertedly illegal loan to the defendant David Gould was made on behalf of the plaintiff Wyle and other creditors before the Referee in Bankruptcy, a hearing was had and testimony taken with respect thereto and the claim was adjudicated and rejected; that the creditors filed no objections thereto, as a result of which the plan for an arrangement was adopted and confirmed, and the corporate debtors were discharged.
Section 59 of the Stock Corporation Law creates a liability penal in nature in favor of one who falls within the class for whose benefit the action was created and 1‘ he may enforce it in his own name for his own benefit.” (Waters v. Spalt, 22 Misc 2d 937, 938; see, also, Billings v. Trask, 30 Hun 314, 316.)
Plaintiffs argue with force, in my opinion, that bankruptcy and arrangement proceedings, being personal in nature, a corporate proceeding does not enure to the benefit of officers and directors of such corporations who may be violators of a restrictive statute; that with respect to the 75% of the debts which *937 remain unpaid and for which they presently sue, they have been damaged by the acts of which they complain. Section 22 of the Bankruptcy Law (U. S. Code, tit. 11, § 22) specifically provides that: ‘ ‘ The bankruptcy of a corporation shall not release its officers, the members of its board of directors ox-trustees or of other similar controlling bodies, ox; its stockholders or members, as such, from any liability under the laws of a State or of the United States.” Such provision of the section is made applicable to “ arrangements ” under the blanket terms of section 702.
The affirmative defenses are legally insufficient and are stricken out as prayed for.
Such holding necessarily requires a denial of defendant’s motion for examination. Settle order on notice.