Burke, J.
 

 Defendants appeal by permission of this court from a judgment of the Appellate Division unanimously affirming a judgment entered on a directed verdict in favor of the plaintiff in an action brought by the plaintiff as a creditor of Pathe Pictures, Inc. (formerly known as Studio Films, Inc.) to recover for loans improperly made by the defendants as officers and directors of Pathe to one of them in his capacity as a stockholder of Pathe.
 

 The complaint is based upon section 59 of the Stock Corporation Law
 
 *
 
 .
 

 
 *235
 
 The answer interposed by defendants alleged two affirmative defenses. The second affirmative defense alleged that the plaintiff was not the real party in interest. In addition to the defense that plaintiff has no standing to sue, defendants urge us to read section 59 of the Stock Corporation Law as if it prohibited loans of corporate funds to a stockholder only when such loans result in a withdrawal of money paid in by him on his stock. They assert that the first clause of section 59 which prohibits corporate loans to any stockholder is modified by the final phrase “ to enable any stockholder to withdraw any part of the money paid in by him on his stock.”
 

 We find that the phrase applies only to the prohibition immediately preceding it and does not modify the first clause of the statute. The opening clause of the statute establishes an unconditional prohibition against loans of corporate funds to stockholders (see, e.g.,
 
 New York Credit Men’s Assn.
 
 v.
 
 Dingfelder,
 
 287 N. Y. 531 [1942];
 
 Waters
 
 v.
 
 Spalt,
 
 22 Misc 2d 937 [Sup. Ct., New York County, 1948];
 
 Kennedy
 
 v.
 
 Kennedy,
 
 22 Misc 2d 924 [Sup. Ct., Westchester County, 1949];
 
 Wyle
 
 v.
 
 Gould,
 
 22 Misc 2d 935 [Sup. Ct., Bungs County, 1951];
 
 Billings
 
 v.
 
 Trask,
 
 30 Hun 314, 315-316 [Gen. Term, 1st Dept., 1883]; 4 White, Corporations [12th ed., 1948], p. 129; N. Y. Legis. Ann., 1959, p. 100; 1913 Atty. Gen., Vol II, 252-256). (See, also, Manufacturing Corporation Law of 1848 [L. 1848, ch. 40]; Building Corporation Law of 1853 [L. 1853, ch. 117]; Business Corporation Law of 1875 [L. 1875, eh. 611].) When the language of the statute is read literally and in the light of its legislative history, it is apparent that the interpretation of the wording of the statute advanced by the defendants has no validity.
 

 The important question remains whether a plaintiff who was a creditor of the corporation while illegal loans were outstanding is a real party in interest and may bring an action in his own name.
 

 Since the statute imposes the liability only in favor of certain creditors of the corporation, it has been held that neither the corporation
 
 (Billings
 
 v.
 
 Trash, supra-, Waters
 
 v.
 
 8palt, supra)
 
 nor its trustee in bankruptcy or receiver in supplementary proceedings has a cause of action under the statute
 
 (Stolz
 
 v.
 
 Ginsburg,
 
 217 App. Div. 701 [3d Dept., 1926], affd. 245 N. Y. 519;
 
 Klages
 
 v.
 
 Cohen,
 
 146 F. 2d 641, 644 [C. C. A. 2d, 1945]). It
 
 *236
 
 is certain, however, that corporate creditors are authorized to proceed against the directors
 
 (Murray
 
 v.
 
 Smith,
 
 224 N. Y. 40;
 
 New York Credit Men’s Assn.
 
 v.
 
 Dingfelder, supra).
 
 Defendants, nevertheless, contend that the wording of the statute creates a liability for the ratable benefit of all the creditors of the special class. Such a liability, they argue, can only be enforced in a class or representative action.
 

 Reliance is placed upon the decision in
 
 National Bank of Auburn
 
 v.
 
 Dillingham
 
 (147 N. Y. 603, 610, 611 [1895]) where this court decided that a statute (former Stock Corporation Law, § 24) which prohibited the creation by a corporation of debt in excess of its paid-up capital and made the responsible directors liable to corporate creditors for the amount of any such excess debt imposed a liability which could only be enforced in a suit where all the creditors and the corporation itself were parties. But in regard to section 59 the authorities to date are to the contrary. Several cases have held that a single creditor, as one of the statutory class, may bring the action.
 
 (Waters
 
 v.
 
 Spalt,
 
 supra;
 
 Wyle
 
 v.
 
 Gould, supra; Union Dime Sav. Bank
 
 v.
 
 Restaurants & Patisseries Long champs,
 
 272 App. Div. 761 [1st Dept., 1947].)
 

 We do not think the
 
 Dillingham
 
 case
 
 (supra)
 
 is controlling. Its rationale does not compel a reversal here. That case dealt with an excess debt statute which was not penal in character. Such a statute seeks to cure impairments of the corporate financial worth caused by the accumulation of debts far in excess of capital by providing a fund for reimbursement of
 
 all
 
 creditors. Thus the statute was remedial in thrust. Every creditor was afforded the same protection since all were affected. The statute created no preference. But the legislative purpose of the two types of statutes are quite different. Section 59 of the Stock Corporation Law is clearly intended to be penal. Its purpose is to deter corporate officials from issuing corporate funds for private purposes. It allows only creditors whose obligations were incurred within a specific statutory period to bring an action. Recovery is limited to the amount of the improper loans.
 

 Under the circumstances here, we could not, without materially detracting from the effectiveness of the remedy, decline to
 
 *237
 
 recognize plaintiff’s right to sue. Since creditors similarly situated may intervene or be joined as parties plaintiff, a single creditor should not be deprived of his standing to sue where an intervention or a joinder is not sought (Civ. Prac. Act, § 193-b). The defendants should not be heard to object if the other creditors failed to intervene because defendants had a right to move for a joinder, but neglected to exercise the right (Rules Civ. Prac., rule 102). The possible rights of unknown creditors who failed to intervene do not affect the capacity of this creditor to sue or its right to seek reimbursement. The defendants place great emphasis on the inequity of an exclusive recovery. The right of action, of course, is not exclusive, but the fact that the recovery may benefit the alert creditor exclusively is the result, not of the exercise of the right of action but the consequence of the inaction of the other creditors similarly situated. A possible recovery by a plaintiff of the full benefit of the statute to the exclusion of each of the other creditors similarly situated should not operate to defeat his right of action. Such a plaintiff creditor can benefit exclusively only because of the default of the other creditors similarly situated, or the neglect of the defendants to compel a joinder. The wording of the statute does not deny the plaintiff standing to bring an action. It would be inconsistent with the penal character of the statute to restrict the cause of action to a class. The statute was not designed to protect all creditors as a class. It intended to impose an obligation on unscrupulous officers and directors of a corporation to pay back improper loans. Therefore, the plaintiff need only show that it falls within the special class of creditors for whose benefit the cause of action was established to justify its claim that it is vested with a cause of action under section 59 of the Stock Corporation Law.
 

 We conclude that the judgment below was correct. Accord- . ingly, the judgment of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Desmond and Judges Dye, Fuld, Feoessel, Van Voorhis and Foster concur.
 

 Judgment affirmed.
 

 *
 

 “ § 59. Liability of directors for loans to stockholders. No loan of moneys shall be made by any stock corporation, except a moneyed corporation, or by any officer thereof out of its funds to any stockholder therein, nor shall any such corporation or officer discount any note or other evidence of debt, or receive the same in payment of any instalment or any part thereof due or to become due on any stock in such corporation, or receive or discount any note, or other evidence of debt, to enable any stockholder to withdraw any pant of the money paid in by him on his stock. In case of the violation of any provision of this section, the officers or directors making such loan, or assenting thereto, or receiving or discounting such notes or other evidences of debt, shall, jointly and severally, be personally liable to the extent of such loan and interest, for all the debts of the corporation contracted before the repayment of the sum loaned, and to the full amount of the notes or other evidences of debt so received or discounted, with interest from the time such liability accrued
 
 ”.